NO. 07-10-0091-CV
NO. 07-10-0100-CV
NO. 07-10-0101-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JANUARY 25, 2011

_____

TIMOTHY RAY WILLIAMS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 181ST DISTRICT COURT OF RANDALL COUNTY;

NOS. 18,246-B, 11,592-B, and 18,325-B; HONORABLE JOHN B. BOARD, JUDGE

_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**OPINION**

On February 25, 2010, in cause numbers 11,592-B (07-10-0100-CV), 18,246-B

(07-10-0091-CV), and 18,325-B (07-10-0101-CV),[1] the trial court signed and entered

---

[1]In cause number 11,592-B, Appellant was convicted of burglary of a habitation and sentenced to eight years confinement and a $500 fine. Tex. Penal Code Ann. § 30.02 (West 2003). Appellant did not appeal this conviction. In cause number 18,246-B, Appellant was convicted of possession of a controlled substance, a second degree felony, and sentenced to twenty years confinement and a $10,000 fine. Tex. Health & Safety Code Ann. § 481.115(d) (West 2010). Appellant's conviction was affirmed. *Williams v. State,* No. 07-07-0314-CR 2008 Tex.App. LEXIS 5268 (Tex.App.--Amarillo July 16, 2008, pet. ref'd)

documents entitled *Order to Withdraw Inmate Funds (Pursuant to TX. GOV'T. Code, Sec. 501.014(e)).*[2]    By the withdrawal notifications entered in each cause, the trial court directed the Texas Department of Criminal Justice Institutional Division to withhold the amounts of $671.50 (Cause No. 11,592-B), $13,791.50 (Cause No. 18,246-B), and $1,363.43 (Cause No. 18,325-B) from Appellant's inmate account.[3]    While each withdrawal notification contained the statement that "court costs, fines, and fees have been incurred as represented in the certified Bill of Costs/Judgment attached hereto," none contained an attachment of any kind.  Furthermore, while the judgment entered in each case provides that the "State of Texas do have and recover of the said [Appellant] all costs in this proceeding incurred . . . ," the summary portion of each judgment leaves

---

(mem. op., not designated for publication).  In cause number 18,325-B, Appellant was convicted of possession of a controlled substance, a second degree felony, enhanced, and sentenced to ten years confinement.  Tex. Health & Safety Code Ann. § 481.115(d) (West 2010).  Appellant did not appeal this conviction.

[2]This document is not an "order" in the traditional sense of a court order, judgment, or decree issued after notice and hearing in either a civil or criminal proceeding.  The controlling statute, Tex. Gov't Code Ann. § 501.014(e) (West Supp. 2010), describes the process as a "notification by a court" directing prison officials to withdraw sums from an inmate's account, in accordance with a schedule of priorities set by the statute, for the payment of "any amount the inmate is ordered to pay by order of the court."  *See id.* at § 501.014(e)(1)-(6).  *See also Harrell v. State*, 286 S.W.3d 315, 316 n.1 (Tex. 2009).  This document is more akin to a judgment nisi.  A judgment nisi, commonly used in bond forfeiture proceedings, is a provisional judgment entered when an accused fails to appear for trial.  A judgment nisi triggers the issuance of a *capias* and it serves as notice of the institution of a bond forfeiture proceeding.  It is not final or absolute, but may become final.  *See Safety Nat'l Cas. Corp. v. State,* 273 S.W.3d 157, 163 (Tex.Crim.App. 2008).  Nisi means "unless," so a judgment nisi is valid unless a party takes action causing it to be withdrawn.  *Id.*  Similarly, a withdrawal notification issued pursuant to § 501.014(e), triggers a trust fund withdrawal, serves as notice of the collection proceeding, and continues to operate unless the inmate takes action causing the notification to be withdrawn.  Therefore, rather than refer to that document as an order, we prefer to use the statutory term "withdrawal notification" to avoid confusion with the underlying court order or judgment ordering the payment of a sum falling within at least one of the six priority categories listed in § 501.014(e).

[3]Formerly referred to as inmate trust accounts, the term "trust" has been removed from statutory references.  *See* Act of May 11, 1989, 71st Leg., R.S., ch. 212, § 2.01, 1989 Tex. Gen. Laws 918, 958, *amended by* Act of May 17, 1999, 76th Leg., R.S., ch. 326, §1, 1999 Tex. Gen. Laws 1235, 1236 (current version at Tex. Gov't Code Ann. § 501.014 (West Supp. 2010)).  Accordingly, they are simply inmate accounts.

costs blank. Appellant filed pro se notices of appeal on March 19, 2010, challenging each withdrawal notification.

## Procedural Background

By opinion dated April 22, 2010, this Court concluded that no final, appealable orders had been entered and found Appellant's notices of appeal to be premature. *See Williams v. State*, 322 S.W.3d 301, 304 (Tex.App.--Amarillo 2010, no pet.). The appeals were abated for 180 days to allow Appellant an opportunity to challenge the withdrawals from his inmate account in the trial court and obtain appealable orders. *Id.* Shorty after releasing our opinion, Appellant filed a challenge to the withdrawal notification in each cause.

## Trial Court Cause No. 11,592-B
## Appellate Court Cause No. 07-10-0100-CV

The Bill of Costs reflects that Appellant owes $671.50 for costs which includes a $500 fine. The withdrawal notification likewise reflects that Appellant owes $671.50 for court costs, fines, and fees. No costs, however, were assessed for court-appointed attorney's fees. Appellant filed a *Motion to Rescind Order to Withdraw Inmate Funds/For Judgment Nunc Pro Tunc*. Appellant asserts his case stemmed from a plea bargain and contests the $500 fine as not being part of the plea bargain. Following a telephone hearing, the trial court denied Appellant's challenge to the $671.50 owed per the Bill of Costs.

**Trial Court Cause No. 18,246-B**
**Appellate Court Cause No. 07-10-0091-CV**

The Bill of Costs reflects Appellant owes $13,791.50, of which $3,500.00 is for attorney's fees. The withdrawal notification likewise reflects that Appellant owes $13,791.50 for court costs, fines, and fees. Appellant filed a *Motion to Modify and Rescind Order to Withdraw Inmate Funds*. Asserting due process violations, he maintains that except for the $10,000 fine assessed during his sentencing, no other costs were assessed and because no "fact-specific determination" was made by the trial court that he had the financial resources to pay, he moved the court to delete $3,500 in attorney's fees and $291.50 in other fees. Following a telephone hearing, the trial court found that Appellant had no income or any other resources to pay court-appointed attorney's fees. Based on that finding, the trial court granted Appellant's motion as it pertained to repayment of court-appointed attorney's fees in the amount of $3,500, but denied that portion of the motion as it pertained to "any other amounts contained in the 'Bill of Costs.'"

**Trial Court Cause No. 18,325-B**
**Appellate Court Cause No. 07-10-0101-CV**

The Bill of Costs reflects that Appellant owes $1,363.43 of which $400 is for attorney's fees. The withdrawal notification likewise reflects that Appellant owes $1,363.43 for court costs, fines, and fees. Appellant filed a *Motion to Rescind Order to Withdraw Inmate Funds*. Relying on the Fourteenth Amendment to the United States Constitution and Article I, Section 19 of the Texas Constitution, he alleges due process violations in the assessment of costs because he was unaware, at the time he entered

4

into his plea bargain, of the existence of those costs. He also asserts there is no factual basis illustrating that he is able to pay the costs. Following a telephone hearing, the trial court found that Appellant had no income or any other resources to pay court-appointed attorney's fees. Based on that finding, the trial court granted Appellant's motion as it pertained to repayment of court-appointed attorney's fees in the amount of $400, but denied that portion of the motion as it pertained to "any other amounts contained in the 'Bill of Costs.'"

## Appealable Order

In *Harrell v. State*, 286 S.W.3d 315 (Tex. 2008), the Texas Supreme Court held that a withdrawal notification directing prison officials to withdraw money from an inmate account pursuant to section 501.014(e) is a civil matter[4] akin to a garnishment action or an action to obtain a turnover order. *Id.* at 317-19. Discussing the due process accorded to the appellant, the Court balanced the three factors discussed in *Mathews v. Eldridge*, 424 U.S. 319, 335, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976), and found that Harrell had "already received some measure of due process." *Harrell*, 286 S.W.3d at 320. In determining whether Harrell was accorded constitutional due process, the Court concluded that because Harrell had received notice of the withdrawal (a copy of the withdrawal notification) and an opportunity to contest the dollar amount and statutory basis of the withdrawal (a motion to rescind or modify the withdrawal notification),[5] he

---

[4]*See Johnson v. Tenth Judicial District Court of Appeals at Waco*, 280 S.W.3d 866, 869 (Tex.Crim.App. 2008) (holding that orders directing withdrawal of funds from inmate trust accounts are not a criminal matter).

[5]The trial court denied Harrell's *Motion to Rescind. See Harrell v. State*, Nos. 07-06-0469-CR, 07-06-0470-CR, 2007 Tex. App. LEXIS 6416, at *2 (Tex.App.--Amarillo Aug. 13, 2007), *rev'd*, 286 S.W.3d 315 (Tex. 2008).

received all that due process required. *Id.* at 321. The Court added that neither notice nor an opportunity to be heard need occur before the issuance of a withdrawal notification. *Id.* This Court has interpreted *Harrell* as saying that due process requires that an inmate have an opportunity to contest the dollar amount and statutory basis of the withdrawal by way of a motion to modify, correct, or rescind the withdrawal notification. *Snelson v. State*, No. 07-10-00259-CV, 2010 Tex. App. LEXIS 9016, at *5-6 (Tex.App.--Amarillo Nov. 10, 2010, no pet. h.); *Bryant v. State*, No. 07-10-00358-CV, 2010 Tex. App. LEXIS 8059, at *4-5 (Tex.App.--Amarillo Oct. 5, 2010, no pet.); *Williams v. State*, 322 S.W.3d 301 (Tex.App.--Amarillo 2010, no pet.). The trial court's disposition of such a motion creates an appealable order. *See Ramirez v. State*, 318 S.W.3d 906, 908 (Tex.App.--Waco 2010, no pet.) (holding that "only when [the withdrawal notification is] properly challenged and denied relief is there an order that is final from which the inmate can appeal").

## Standard of Review

We review a trial court's decision whether to deny a motion contesting a withdrawal notification under an abuse of discretion standard. *See Canty v. State*, No. 12-08-00257-CV, 2009 Tex. App. LEXIS 2715, at *3-4, (Tex.App.--Tyler April 15, 2009, no pet.) (mem. op., not designated for publication) (holding that a trial court's decision to hold a civil expunction proceeding is subject to review under an abuse of discretion standard). A trial court abuses its discretion when it acts "without reference to any guiding rules and principles." *Quixtar Inc. v. Signature Mgmt. Team, LLC*, 315 S.W.3d 28, 31 (Tex. 2010) (quoting *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985)); *Howell v. State*, 175 S.W.3d 786, 792 (Tex.Crim.App. 2005);

6

*Montgomery v. State,* 810 S.W.2d 372, 380 (Tex.Crim.App. 1990). Furthermore, a trial court abuses its discretion if "it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law." *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex. 1985).

## Court Costs

A certified bill of costs imposes an obligation upon a criminal defendant to pay court costs, irrespective of whether or not that bill is incorporated by reference into the written judgment. *See generally* Tex. Code Crim. Proc. Ann. arts. 103.001 and 103.003 (West 2006). *See also* Tex. Gov't Code Ann. §§ 102.001 - 103.033. (West 2006 and Supp. 2010). Where court costs are imposed as a matter of legislative directive, they do not need to be included in the oral pronouncement of sentence or the written judgment in order to be imposed upon a convicted defendant. *See Weir v. State*, 278 S.W.3d 364, 367 (Tex.Crim.App. 2009) (holding that because legislatively mandated court costs are not punitive, they did not have to be included in the oral pronouncement of sentence as a precondition to their inclusion in the trial court's written judgment); *Smith v. State*, Nos. 07-09-00009-CR & 07-10-00010-CR, 2010 Tex. App. LEXIS 3846, at *21 (Tex.App.--Amarillo May 20, 2010, pet. ref'd) (mem. op., not designated for publication) (holding that a precise dollar amount of court costs did not have to be specified in the oral pronouncement of sentence or the written judgment as a precondition to their inclusion in the clerk's bill of costs).

**Court-Appointed Attorney's Fees**

Pursuant to article 26.05(g) of the Texas Code of Criminal Procedure, if a trial court determines that a defendant has financial resources that enable him to repay, in whole or in part, the costs of legal services provided by a court-appointed attorney, the court has authority to order a convicted defendant to pay "as court costs the amount that it finds the defendant is able to pay." *See* Tex. Code Crim. Proc. Ann. art. 26.05(g) (West Supp. 2010). Without record evidence demonstrating a defendant's financial resources to offset the costs of legal services, a trial court errs if it orders reimbursement of court-appointed attorney's fees. *Mayer v. State*, 309 S.W.3d 552 (Tex.Crim.App. 2010). Unless a material change in a criminal defendant's financial resources is established by competent legal evidence, once that defendant has been found to be indigent, he is presumed to remain indigent for the remainder of the proceedings. Tex. Code Crim. Proc. Ann. art. 26.04(p) (West Supp. 2010); *Mayer*, 309 S.W.3d at 557.

**Analysis**

Regarding the $500 fine assessed in cause number 11,592-B, Appellant argued during the telephone hearing that no fine was discussed as part of his plea bargain and believed it was a clerical error related to a $50 restitution fee. He requested a judgment nunc pro tunc to correct the alleged error. Although Appellant did not have a copy of his signed plea papers, the trial court's file contained plea papers signed by Appellant and his attorney which clearly indicate a $500 fine as a part of the negotiated plea bargain. Because we do not have a transcript of the original pronouncement of sentence in

cause number 11,592-B, we make no ruling as to whether the fine was pronounced in Appellant's presence. Tex. Code Crim. Proc. Ann. art. 42.02, 42.03(1)(a) (West 2006 & Supp. 2010). However, we note that a recitation in the judgment, such as the one here assessing a fine of $500, creates a binding presumption of regularity, absent direct proof to the contrary. *See Johnson v. State,* 72 S.W.3d 346, 349 (Tex.Crim.App. 2002). Therefore, we conclude that the fine was properly collectable.

As set out above, in cause numbers 18,246-B and 18,325-B, the respective Bills of Costs include $3,500 and $400 in court-appointed attorney's fees. At the time of his original convictions, Appellant was determined to be indigent and qualified for court-appointed counsel. During the telephone hearing on Appellant's challenges to the Bills of Costs, the trial court inquired into Appellant's financial status and concluded he remained indigent. The court deleted the costs assessed for attorney's fees but denied relief as to all other costs contained in the Bills of Costs.

Based on the record before us, the trial court's file confirmed that Appellant was assessed a $500 fine in trial court cause number 11,592-B and thus, that amount is lawfully contained in the Bill of Costs. The trial court correctly deleted $3,500 in attorney's fees from the Bill of Costs in trial court cause number 18,246-B and $400 in attorney's fees from the Bill of Costs in trial court cause number 18,325-B. *See Mayer v. State*, 309 S.W.3d at 557. Other costs complained of by Appellant are legislatively mandated[6] and do not need to be included in the oral pronouncement of sentence or

---

[6]*See, e.g.,* Tex. Alco. Bev. Code Ann. § 106.12 (West 2007); Tex. Bus. & Com. Code Ann. § 3.506 (West Supp. 2010); Tex. Bus. Orgs. Code Ann. § 10.365 (West Supp. 2010); Tex. Code Crim. Proc. Ann. arts. 17.42, 17.43, 17.441, 37.073, 42.037, 42.12, 42.22, 45.0216, 45.026, 45.041, 45.051, 45.055, 45.0511(c-1), 45.0511(f)(1 - 2), 45.052, 45.203, 62.353, 102.001 - 102.072, 103.0031 (West 2006 & Supp. 2010); Tex. Educ. Code Ann. § 37.011 (West Supp. 2010); Tex. Fam. Code Ann. §§ 8.262, 8.267, 8.302, 8.303,

the written judgment in order to be imposed upon a convicted defendant. *Weir*, 278 S.W.3d at 267. Such fees are properly collectable by means of a withdrawal notification regardless of a defendant's ability to pay. Consequently, the trial court's orders entered in response to Appellant's challenges to the withdrawal notifications are affirmed.


Patrick A. Pirtle
Justice

---

45.106, 53.03, 54.032, 54.0411, 54.0461, 54.0462, 54.061, 81.003, 108.006, 110.002, 110.004, 110.005, 158.319, 158.403, 158.503, 160.762, 232.013 (West 2006, 2008 & Supp. 2010); Tex. Gov't Code Ann. §§ 25.0593, 25.0594, 25.1572, 25.2223, 30.00014, 30.00147, 41.258, 51.601, 51.702 - 51,703, 54.313, 54.403, 54.745, 54.663, 54.913, 54.983, 54.954, 54.1116, 76.015, 82.0361, 102.001 - 103.033, 411.081 (West 2005 & Supp. 2010); Tex. Health & Safety Code Ann. §§ 161.255, 469.004, 821.023 (West 2010); Tex. Hum. Res. Code Ann. § 152.0522 (West 2001); Tex. Local Gov't Code Ann. §§ 118.131, 132.002, 132.003, 133.101 - 133.154, 191.007 (West 2008 & Supp. 2010); Tex. Parks and Wild. Code Ann. §§ 12.110, 12.308 (West Supp. 2010); Tex. Transp. Code Ann. §§ 284.2031, 521.026, 521.048, 542.403, 542.407, 545.412, 548.605, 601.263, 706.006 (West 1999, 2007 & Supp. 2010) (not intended as an exhaustive list).