

# IN THE
# TENTH COURT OF APPEALS

### No. 10-11-00119-CV

**TOMMY WAYNE FRANKS,**

**Appellant**

**v.**

**THE STATE OF TEXAS,**

**Appellee**

### From the 54th District Court
### McLennan County, Texas
### Trial Court No. 1995-715-C

## MEMORANDUM OPINION

In Cause No. 1995-715-C[1], the trial court signed and entered an "Order"[2] directing the Texas Department of Criminal Justice Institutional Division to withhold $2,296.50 from Tommy Wayne Franks' inmate account pursuant to TEX. GOV'T CODE

---

[1] The trial court directed an "Order" to the TDCJ-ID in Cause No. 2003-569-C to withhold $12,110.00 from Franks's inmate account. That "Order" is not before us on this appeal.

[2] We note that the although the document is titled and referred to as an "Order," TEX. GOV'T CODE ANN. § 501.014 (e) (West Supp. 2010) describes the process as a "notification by a court" directing prison officials to withdraw funds from an inmate account. *See Williams v. State*, 332 S.W.3d 694, 698 (Tex. App.— Amarillo 2011, pet. den'd). Therefore, we will refer to the trial court's "Order" as a withdrawal notification.

ANN. § 501.014 (e) (West Supp. 2010). The withdrawal notification stated that court costs, fees and/or fines were incurred as represented in the certified bill of costs, and a copy of the bill of costs was attached to the notification. Franks filed a "Motion to Void Prior Orders", and the trial court denied the motion. We affirm.

Franks argues in six issues that the trial court erred in denying his motion. We review a trial court's decision whether to deny a motion contesting a withdrawal notification under an abuse of discretion standard. *Williams v. State*, 332 S.W.3d 694, 698 (Tex. App.—Amarillo 2011, pet. den'd). A trial court abuses its discretion when it acts without reference to any guiding rules and principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985).

In a proceeding to withhold money from an inmate account, an inmate is entitled to 1) notice via copy of the withdrawal notification from the trial court and 2) an opportunity to be heard via motion made by the inmate. *Harrell v. State*, 286 S.W.3d 315, 321 (Tex. 2009). Neither need occur before the funds are withdrawn. *Id*.

Franks filed a motion to void the trial court's withdrawal notification, and the motion included a copy of the trial court's withdrawal notification. Therefore, Franks received notice, and the trial court's denial of his motion indicates that he was afforded an opportunity to be heard. *See Williams v. State*, 332 S.W.3d at 698. Franks received procedural due process, and we overrule his fourth issue.

A certified bill of costs imposes an obligation upon a criminal defendant to pay court costs, whether or not that bill is incorporated by reference into the written judgment. *See generally* TEX. CODE CRIM. PROC. ANN. arts. 103.001 and 103.003 (West

2006); *see also* TEX. GOV'T CODE ANN. §§ 102.001-103.033. (West 2006 and Supp. 2010); *Williams v. State*, 332 S.W.3d at 699. Where court costs are imposed as a matter of legislative directive, they do not need to be included in the oral pronouncement of sentence or the written judgment in order to be imposed upon a convicted defendant. *See Weir v. State,* 278 S.W.3d 364, 367 (Tex. Crim. App. 2009); *Williams v. State*, 332 S.W.3d at 699. Such fees are not punitive and are properly collectable by means of a withdrawal notification regardless of a defendant's ability to pay. *See Williams v. State*, 332 S.W.3d at 700. The trial court did not err in ordering the withdrawal of court costs from Franks' inmate account.

Moreover, Franks has waived any challenge to the assessment of court costs and court-appointed attorney's fees based upon his indigency. A civil action is not the proper vehicle for contesting the assessment of court costs and court-appointed attorney fees. The **assessment** of fees should be challenged on direct appeal from the judgment in the criminal conviction. A civil action is proper to contest the **collection** of costs pursuant to TEX. GOV'T CODE ANN. § 501.014 (West Supp. 2010). *See Harrell v. State*, 286 S.W.3d at 318-19. We overrule the sixth issue. We need not address issues 1, 2, 3, and 5 because they are not necessary for final disposition of this appeal. TEX. R. APP. P. 47.1.

We affirm the trial court's order denying Franks' "Motion to Void Prior Orders."


AL SCOGGINS
Justice

Before Chief Justice Gray,
      Justice Davis, and
      Justice Scoggins
Affirmed
Opinion delivered and filed February 8, 2012
[CV06]