

**NUMBER 13-11-00649-CR**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**RANDALL BENNETT VAUGHN,**                                 **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                          **Appellee.**

---

**On appeal from the 252nd District Court
of Jefferson County, Texas.**

---

# MEMORANDUM OPINION[1]

### Before Justices Rodriguez, Benavides, and Perkes
### Memorandum Opinion by Justice Rodriguez

Appellant Randall Bennett Vaughn appeals his conviction for aggravated assault. *See* TEX. PENAL CODE ANN. § 22.02(a)(1) (West 2011). By one issue, Vaughn challenges the trial court's order that he pay court costs and fees despite his indigency. We affirm as modified.

---

[1] This case is before this Court on transfer from the Ninth Court of Appeals in Beaumont pursuant to an order issued by the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2005).

## I.  Background[2]

Vaughn was indicted for aggravated assault in December 2009.   In January 2011, Vaughn entered into a plea agreement with the State, and the trial court placed him on deferred adjudication community supervision for a term of six years.   On September 12, 2011, the trial court revoked Vaughn's community supervision after he pleaded true to allegations that he had violated his conditions of probation by possessing a controlled substance in Jefferson County, Texas and had failed to work faithfully at suitable employment and provide verification of that work.   The trial court adjudicated Vaughn's guilt and sentenced him to fifteen years' confinement in the Institutional Division of the Texas Department of Criminal Justice.   The trial court also ordered Vaughn to pay court costs and administrative fees.   This appeal followed.

## II.  Costs and Fees

By his single issue on appeal, Vaughn argues that the trial court erred in ordering him to pay costs and fees because Vaughn was determined to be indigent.   The court costs and administrative fees assessed against Vaughn are itemized in the record as follows:

ADMINISTRATIVE FINANCIAL OBLIGATIONS:

| | | | |
|---|---|---|---|
| A. | SUPERVISION FEES | Amount Owed: | $ 432.00 |
| B. | BMT CS FEE | Amount Owed: | $50.00 |
| C. | PSI FEE | Amount Owed: | $ 350.00 |
| D. | FINE | Amount Owed: | $ 500.00 |
| E. | COURT COST | Amount Owed: | $ 370.00 |
| F. | ATTORNEY['S] FEE[S] | Amount Owed: | $1,000.00 |
| G. | TRANS FEE | Amount Owed: | $0.00 |
| H. | CREDIT CARD FEE | Amount Owed: | $0.00 |

---

[2] Because this is a memorandum opinion and the parties are familiar with the facts, we will not recite them here except as necessary to advise the parties of the Court's decision and the basic reasons for it.  *See* TEX. R. APP. P. 47.4.

| I. | ASSESSMENT | Amount Owed: | $50.00 |
| J. | REVOCATION COURT COSTS | Amount Owed: | $ 324.00 |

It is apparent from our review of the record that the foregoing obligations include attorney's fees of $1,000.00.

The State does not dispute that Vaughn was indigent and remained indigent throughout the proceedings in this case. And it is true that a defendant determined to be indigent cannot be charged for legal services provided to him. *See Mayer v. State*, 309 S.W.3d 552, 556 (Tex. Crim. App. 2010) (A "defendant's financial resources and ability to pay are explicit critical elements in the trial court's determination of the propriety of ordering reimbursement of costs and fees."); *see also* TEX. CODE CRIM. PROC. ANN. art. 26.05(g) (West Supp. 2011) ("If the court determines that a defendant has financial resources that enable him to offset in part or in whole the costs of the legal services provided, including any expenses and costs, the court shall order the defendant to pay during the pendency of the charges or, if convicted, as court costs the amount that it finds the defendant is able to pay."); *id.* art. 26.04(p) (West Supp. 2011) ("A defendant who is determined by the court to be indigent is presumed to remain indigent for the remainder of the proceedings in the case unless a material change in the defendant's financial circumstances occurs."). Therefore, as the State concedes, the trial court erred in assessing $1,000.00 in attorney's fees against Vaughn. We sustain Vaughn's issue as to the trial court's assessment of attorney's fees.

However, we have found no law categorically prohibiting a trial court from assessing court costs and other fees unrelated to legal services against an indigent defendant. Aside from costs and fees associated with the legal services provided to an indigent defendant, trial courts routinely assess other court costs and administrative fees

3

against indigent defendants. *See, e.g.*, *Williams v. State*, 332 S.W.3d 694, 700 (Tex. App.—Amarillo 2011, pet. denied) (affirming trial court's deletion of attorney's fees from indigent defendant's bill of costs and allowance of other costs and fees unrelated to attorney's fees); *Bell v. State*, No. 09-11-00462-CR, 2012 Tex. App. LEXIS 646, at *2 (Tex. App.—Beaumont Jan. 25, 2012, no pet.) (mem. op., not designated for publication) (modifying an indigent defendant's judgment to subtract attorney's fees but retain administrative costs and fees); *Ludlow v. State*, No. 03-11-00212-CR, 2012 Tex. App. LEXIS 289, at *4 (Tex. App.—Austin Jan. 11, 2012, no pet.) (mem. op., not designated for publication) (same). We are therefore not persuaded by Vaughn's argument regarding the assessment of other costs and fees and conclude that the trial court did not err in assessing court costs, fines, and other administrative fees against Vaughn. Accordingly, we overrule the remainder of his sole issue.

### III. Conclusion

Because the trial court's judgment was impermissible under the law and facts in this case, we delete that portion of the judgment assessing $1,000.00 in attorney's fees against Vaughn and affirm the judgment as modified.

NELDA V. RODRIGUEZ
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
12th day of July, 2012.