

NUMBER 13-11-00631-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

JIMMY JOHN TANTON
A/K/A JIM TANTON,                                         Appellant,

v.

THE STATE OF TEXAS,                                       Appellee.

On appeal from the 252nd District Court
of Jefferson County, Texas.

# MEMORANDUM OPINION[1]

**Before Justices Rodriguez, Benavides, and Perkes**
**Memorandum Opinion by Justice Perkes**

Appellant Jimmy John Tanton a/k/a Jim Tanton appeals his conviction for felony theft.

*See* TEX. PENAL CODE ANN. § 31.03(a)(b)(2) (West Supp. 2009).  By one issue, appellant

challenges the trial court's order that he pay court costs and administrative fees despite his

---

[1] This case is before this Court on transfer from the Ninth Court of Appeals in Beaumont pursuant to an order issued by the Supreme Court of Texas.  *See* TEX. GOV'T CODE ANN. § 73.001 (West 2005).

indigency.   We affirm as modified.

## I.   BACKGROUND[2]

Appellant was indicted for felony theft.   After appellant entered a plea agreement, the trial court found appellant guilty and sentenced him to a term of eight years' confinement in the Texas Department of Criminal Justice, Institutional Division (TDCJ-ID).   The trial court suspended the imposition of confinement and placed appellant on community supervision for a term of six years.   The trial court subsequently revoked appellant's community supervision after appellant pleaded true to allegations that he violated multiple conditions of his community supervision.   The trial court sentenced appellant to eight years' confinement in the TDCJ-ID.   The trial court also ordered appellant to pay $669 in court costs and $2,602 in administrative fees.   This appeal followed.

## II.   COURT COSTS AND ADMINISTRATIVE FEES

By a single issue on appeal, appellant argues that the trial court erred in ordering him to pay court costs and administrative fees because appellant was determined to be indigent. The court costs and administrative fees assessed against appellant are itemized in the record as follows:

ADMINISTRATIVE FINANCIAL OBLIGATIONS:

| | | | |
|---|---|---|---|
| A. | SUPERVISION FEES | Amount Owed: | $ 732.00 |
| B. | ASSESSMENT | Amount Owed: | $50.00 |
| C. | BMT CS FEE | Amount Owed: | $20.00 |
| D. | PSI FEE | Amount Owed: | $ 350.00 |
| E. | FINE | Amount Owed: | $ 500.00 |
| F. | COURT COST | Amount Owed: | $ 345.00 |
| G. | ATTORNEY['S] FEE[S] | Amount Owed: | $1,000.00 |

---

[2] Because this is a memorandum opinion and the parties are familiar with the facts, we will not recite them here except as necessary to advise the parties of the Court's decision and the basic reasons for it.   *See* TEX. R. APP. P. 47.4.

H.    TRANS FEE                    Amount Owed:        $0.00
I.    REVOCATION COURT COSTS   Amount Owed:    $ 324.00

The Administrative Financial Obligations includes attorney's fees in the amount of $1,000.00.  The record, however, shows that no attorney's fees were imposed as a condition of community supervision.

The State does not dispute that appellant was indigent and remained indigent throughout the proceedings in this case.   And it is true that a defendant determined to be indigent cannot be charged for legal services provided to him.  *See Mayer v. State*, 309 S.W.3d 552, 556 (Tex. Crim. App. 2010) (concluding that a "defendant's financial resources and ability to pay are explicit critical elements in the trial court's determination of the propriety of ordering reimbursement of costs and fees."); *see also* TEX. CODE CRIM. PROC. ANN. art. 26.05(g) (West Supp. 2011) ("If the court determines that a defendant has financial resources that enable him to offset in part or in whole the costs of the legal services provided, including any expenses and costs, the court shall order the defendant to pay during the pendency of the charges or, if convicted, as court costs the amount that it finds the defendant is able to pay."); *id.* art. 26.04(p) (West Supp. 2011) ("A defendant who is determined by the court to be indigent is presumed to remain indigent for the remainder of the proceedings in the case unless a material change in the defendant's financial circumstances occurs.").   Therefore, as the State concedes, the trial court erred in assessing $1,000.00 in attorney's fees against appellant.   We sustain appellant's issue as to the trial court's assessment of attorney's fees.

However, we have found no law categorically prohibiting a trial court from assessing court costs and other administrative fees unrelated to legal services against an indigent

defendant. Aside from costs and fees associated with the legal services provided to an indigent defendant, trial courts routinely assess other court costs and administrative fees against indigent defendants. *See, e.g.*, *Williams v. State*, 332 S.W.3d 694, 700 (Tex. App.—Amarillo 2011, pet. denied) (affirming trial court's deletion of attorney's fees from indigent defendant's bill of costs and allowance of other costs and fees unrelated to attorney's fees); *Bell v. State*, No. 09-11-00462-CR, 2012 Tex. App. LEXIS 646, at *2 (Tex. App.—Beaumont Jan. 25, 2012, no pet.) (mem. op., not designated for publication) (modifying an indigent defendant's judgment to subtract attorney's fees but retain administrative costs and fees); *Ludlow v. State*, No. 03-11-00212-CR, 2012 Tex. App. LEXIS 289, at *4 (Tex. App.—Austin Jan. 11, 2012, no pet.) (mem. op., not designated for publication) (same). We are therefore not persuaded by appellant's argument regarding the assessment of other costs and fees. We conclude that the trial court did not err in assessing court costs, fines, and other administrative fees against appellant. Accordingly, we overrule the remainder of his sole issue on appeal.

## III.  CONCLUSION

Because the trial court's judgment was impermissible under the law and facts in this case, we delete that portion of the judgment assessing $1,000.00 in attorney's fees against appellant. We affirm the judgment as modified.

GREGORY T. PERKES
Justice

Do not publish.  TEX. R. APP. P. 47.2(b).

Delivered and filed the
16th day of August, 2012.

4