

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-12-00167-CR

_____


ALAN MICHAEL RODRIGUEZ, Appellant

V.

THE STATE OF TEXAS, Appellee



On Appeal from the 241st District Court
Smith County, Texas
Trial Court No. 241-0867-12



Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Carter

# MEMORANDUM OPINION

In Smith County, Texas, Alan Michael Rodriguez was indicted on one count of engaging in organized criminal activity. Rodriguez entered an open plea of guilty. The trial court, after hearing argument regarding punishment, assessed a sentence of thirty-seven years' confinement. The trial court ordered Rodriguez to pay court costs of $574.00, which included $300.00 for attorney's fees.

On appeal, Rodriguez argues that the trial court erred in assessing attorney's fees because he was indigent. To its credit, the State agrees with Rodriguez.

Article 26.05 of the Texas Code of Criminal Procedure provides that the costs of appointed counsel may be imposed against a defendant if the court finds that the defendant "has financial resources that enable him to offset in part or in whole the costs of the legal services provided." TEX. CODE CRIM. PROC. ANN. art 26.05(g) (West Supp. 2012). Where the record fails to establish and support a defendant's financial ability, a trial court errs if it orders the reimbursement of attorney's fees. *Mayer v. State*, 309 S.W.3d 552 (Tex. Crim. App. 2010).

Because he was indigent, the trial court appointed counsel for Rodriguez. The record does not reflect a change in Rodriguez's indigent status. There is also no evidence in the record of Rodriguez's ability to pay any or all of the costs for his appointed counsel. Therefore, the trial court erred in assessing $574.00 in costs, and we modify the judgment to correctly reflect a total of $274.00 in court costs.[1] *See* TEX. R. APP. P. 43.2(b).

We affirm the judgment, as modified.

Jack Carter
Justice

Date Submitted:     January 30, 2013
Date Decided:       January 31, 2013

Do Not Publish

---

[1] Rodriguez remains liable for other administrative costs incurred. *Williams v. State*, 332 S.W.3d 694, 700 (Tex. App.—Amarillo 2001, pet. denied).