

In The

Court of Appeals

Seventh District of Texas at Amarillo

_____

No. 07-14-00106-CV
_____

CHRISTOPHER DOUGLAS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 47th District Court
Randall County, Texas
Trial Court No. 22,336-A; Honorable Dan Schaap, Presiding

May 21, 2014

MEMORANDUM OPINION

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

On June 2, 2011, Appellant was convicted of burglary of a building, a state jail felony,[1] enhanced. He was sentenced to five years confinement and assessed a $1,000 fine. The *Bill of Costs* generated on the same day that sentence was imposed reflects Appellant was assessed $299 in court costs as well as the $1,000 fine. On September 9, 2011, the trial court signed an *Order to Withdraw Funds* pursuant to

_____

[1] *See* TEX. PENAL CODE ANN. § 30.02(c)(1) (West 2011).

section 501.014(e) of the Texas Government Code (West 2012). The order directs the Texas Department of Criminal Justice to withhold $1,299 from Appellant's inmate account. Two years later, Appellant filed a motion challenging the withdrawal order on the basis of his indigence and the trial court's failure to determine his ability to pay. Appellant's motion was denied, and he now brings his challenge to the withdrawal order in this Court. We dismiss this proceeding.

When Appellant filed his notice of appeal, he declared his financial status as indigent but did not file the required Affidavit of Indigence or Affidavit Relating to Previous Filings. *See* TEX. R. APP. P. 20.1(a)(2). *See also* TEX. CIV. PRAC. & REM. CODE ANN. § 14.002(a) (West Supp. 2013) (requiring compliance with the provisions of chapter 14 of the Texas Civil Practice and Remedies Code in any action brought by an inmate, including an appeal, in which an affidavit of indigence or unsworn declaration of inability to pay is filed); *Douglas v. Moffett*, 418 S.W.3d 336, 339 (Tex. App.—Houston [14th Dist.] 2013, no pet.) (noting that prior to being amended in 2011, chapter 14 did not apply to appellate courts).

Dismissal of an appeal is prohibited without affording a party an opportunity to cure defects or irregularities. *See* TEX. R. APP. P. 20.(c)(3). *See also Higgins v. Randall County Sheriff's Office*, 193 S.W.3d 898, 899 (Tex. 2006). By letter dated March 27, 2014, this Court notified Appellant of the deficiencies concerning the affidavits, *sua sponte* granted him an extension of time to file the affidavits, and directed him to provide a reasonable explanation for the late-filed affidavits as required by Rule 10.5(b)(1)(C) of the Texas Rules of Appellate Procedure by April 28, 2014.

On April 14, 2014, Appellant filed his *Affidavit of Previous Filings* and *Declaration of Inability to Pay Costs,* but he did not provide any explanation for his untimely affidavits. Consequently, we must dismiss this appeal for failure to comply with this Court's directive and failure to comply with applicable rules of appellate procedure. *See* TEX. R. APP. P. 42.3(c).[2]

Patrick A. Pirtle
Justice

---

[2] Notwithstanding our disposition of this appeal, Appellant's challenge to the withdrawal order would likely fail on the merits. Article 42.15 of the Texas Code of Criminal Procedure requires that a judgment order a defendant to pay court costs. *See Johnson v. State*, 423 S.W.3d 385 (Tex. Crim. App. 2014). Legislatively mandated court costs, such as the ones challenged by Appellant, are properly collectible by means of a withdrawal order regardless of ability to pay. *See Williams v. State*, 332 S.W.3d 694, 700 (Tex. App.—Amarillo 2011, pet. denied).