# NO. 12-13-00189-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *LEVANT JEDIDIAH COMBEE,*<br>*APPELLANT* | § | *APPEAL FROM THE 7TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Levant Jedidiah Combee appeals his conviction for possession of marijuana. The trial court sentenced him to twelve months of confinement. On appeal, Appellant contends the trial court erred in assessing attorney's fees against him. We affirm.

### BACKGROUND

Appellant stipulated to the evidence against him and pleaded guilty to the offense of possession of marijuana. Pursuant to a plea bargain agreement, the trial court found him guilty and sentenced him to two years of confinement in a state jail facility, probated for a period of five years. He was ordered to pay a $4,000.00 fine, $639.00 in court costs, and $140.00 in restitution. Shortly thereafter, the State filed a motion to revoke community supervision. The trial court found the allegations in the motion to be true, revoked Appellant's community supervision, and sentenced him to twelve months in a state jail facility. The court also assessed a $4,000.00 fine and the $639.00 in unpaid taxable court costs. The court ordered $4,639.00 to be withdrawn from Appellant's inmate trust account and incorporated this order into the judgment.

## ATTORNEY'S FEES

In his sole issue, Appellant contends the trial court erred in assessing attorney's fees against him. He argues that the trial court determined that he is indigent and there is no evidence that his status changed.

Unless a material change in a criminal defendant's financial resources is established by competent legal evidence, once that defendant has been found to be indigent, he is presumed to remain indigent for the remainder of the proceedings. TEX. CODE CRIM. PROC. ANN. art. 26.04(p) (West Supp. 2013). Without record evidence demonstrating a defendant's financial resources to offset the costs of legal services, a trial court errs if it orders reimbursement of court appointed attorney's fees. *Williams v. State*, 332 S.W.3d 694, 699 (Tex. App.–Amarillo 2022, pet. denied). However, Appellant must raise this claim in a direct appeal from the initial judgment imposing community supervision or he forfeits the claim. *Wiley v. State*, 410 S.W.3d 313, 321 (Tex. Crim. App. 2013).

The record shows that the attorney's fees assessed in the judgment after revocation are the original attorney's fees assessed at the time Appellant was placed on community supervision. Appellant did not appeal from the judgment placing him on community supervision. Therefore, Appellant has forfeited his complaint that the trial court erred in assessing attorney's fees against him. *Id*. We overrule Appellant's sole issue.

## DISPOSITION

Having overruled Appellant's sole issue, we *affirm* the trial court's judgment.

SAM GRIFFITH
Justice

Opinion delivered May 30, 2014.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)

2



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

MAY 30, 2014

NO. 12-13-00189-CR

**LEVANT JEDIDIAH COMBEE,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 7th District Court

of Smith County, Texas (Tr.Ct.No. 007-0210-10)

THIS CAUSE came to be heard on the appellate record and the briefs filed herein; and the same being considered, it is the opinion of this Court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Sam Griffith, Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*