

In The

# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-14-00402-CV
_____

DAVID JOSE GONZALEZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 242nd District Court
Hale County, Texas
Trial Court No. B 18672-1101; Honorable Ed Self, Presiding

February 24, 2015

## MEMORANDUM OPINION

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

In May 2014, the trial court signed an order revoking David Jose Gonzalez's community supervision, which had been granted for manufacture or delivery of methamphetamine in an amount of four grams or more but less than 200 grams.[1] Punishment was assessed at ten years confinement and a $3,000 fine. The trial court's judgment also assessed court costs of $394. An *Order to Withdraw Funds* was generated

---

[1] TEX. HEALTH & SAFETY CODE ANN. § 481.112(d) (West 2010). An offense under this section is a felony of the first degree punishable by confinement for life or for any term of not more than 99 years or less than 5 years and by a fine not to exceed $10,000. TEX. PENAL CODE ANN. § 12.32 (West 2011).

showing Appellant owed $3,394 to be satisfied from his inmate account. Appellant filed a *Motion to Rescind or Correct Order to Withdraw Funds* challenging the assessed amount. By an order signed October 15, 2014, the trial court denied Appellant's motion and he pursued this appeal.

Appellant filed his notice of appeal together with his *Declaration of Inability to Pay Costs* and a copy of his inmate account statement. As of January 1, 2012, any action brought by an inmate, including an appeal, requires compliance with chapter 14 of the Texas Civil Practice and Remedies Code when proceeding under an affidavit of indigence or an unsworn declaration of inability to pay costs. TEX. CIV. PRAC. & REM. CODE ANN. §§ 14.002(a), 14.004(a) (West Supp. 2014).

By letter dated January 8, 2015, the Clerk of this Court advised Appellant of the change in law. Appellant was granted an extension of time to February 9, 2015, to comply with the requirements of chapter 14. He was admonished that failure to comply could result in dismissal. To date, Appellant has not communicated with the appellate court clerk nor has he complied with the requirements of chapter 14 of the Code. Consequently, we dismiss this appeal for failure to comply with a notice from the Clerk of this Court requiring action within a specified time.[2] TEX. R. APP. P. 42.3(c).


Patrick A. Pirtle
Justice

---

[2] Notwithstanding our disposition of this appeal, Appellant's challenge to the withdrawal order would likely fail on the merits. Legislatively mandated court costs are properly collectible by means of a withdrawal order regardless of an inmate's ability to pay. *Williams v. State*, 332 S.W.3d 694, 700 (Tex. App.—Amarillo 2011, pet. denied). A fine is punitive and intended to be part of a convicted defendant's sentence. *Armstrong v. State*, 340 S.W.3d 759, 767 (Tex. Crim. App. 2011). Thus, it is also collectible by means of a withdrawal order regardless of an inmate's ability to pay.