# NOS. 12-15-00010-CR
# 12-15-00011-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *KELTON DEREK WILSON,*<br>*APPELLANT* | § | *APPEALS FROM THE 173RD* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *HENDERSON COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Kelton Derek Wilson appeals from his convictions for evading arrest and aggravated assault against a public servant. Appellant pleaded guilty, and the trial court sentenced him to ten years of imprisonment and twenty years of imprisonment respectively, to run concurrently. Appellant contends the trial court erred in considering an unadjudicated felony offense and in assessing attorney's fees against him. We affirm the judgment in the evading arrest case, trial court cause number C-20,914, our cause number 12-15-00010-CR. Because the judgment in the aggravated assault case, trial court cause number C-21,018, our cause number 12-15-00011-CR, erroneously assesses attorney's fees against Appellant, we modify that judgment, and affirm as modified.

## BACKGROUND

On the final day of a drug-induced crime spree, Appellant led numerous officers from multiple law enforcement agencies on a chase, reaching speeds in excess of 120 miles per hour. The chase ended when Appellant rammed a police car with the stolen pickup he was driving. Appellant pleaded guilty to evading arrest and aggravated assault against a public servant with a deadly weapon. After a hearing, the trial court sentenced Appellant to ten years of imprisonment in the evading arrest case and twenty years of imprisonment in the aggravated assault case.

## SENTENCING

In his sole issue in the evading arrest case, Appellant asserts that the trial court abused its discretion by considering an unadjudicated juvenile felony offense during the sentencing hearing. He argues that the State failed to prove beyond a reasonable doubt that he was the same person who committed the juvenile offense listed in the presentence investigation report. He also asserts that the "juvenile records" were more prejudicial than probative.

Texas Code of Criminal Procedure Article 37.07, Section 3(d) authorizes the trial court to consider the contents of a presentence investigation report. TEX. CODE CRIM. PROC. ANN. art. 37.07, § 3(d) (West Supp. 2015). Further, the trial court is not prohibited from considering extraneous misconduct set forth in the presentence investigation report just because the evidence does not establish beyond a reasonable doubt that the defendant committed the offenses. *Smith v. State*, 227 S.W.3d 753, 763 (Tex. Crim. App. 2007). The trial court may consider extraneous acts contained in a presentence investigation report not proven beyond a reasonable doubt if there is some evidence from some source, including the report itself, from which the trial court may rationally infer that the defendant had any criminal responsibility for the extraneous offense. *Id*. at 764.

Defense counsel objected to consideration by the court of the 2003 unadjudicated burglary listed in the presentence investigation report, calling it inappropriate. The trial court responded that it would "take judicial notice of it and the contents of it, and give it the weight that it deserves." Appellant's great-grandmother, Irlene Stanfield, testified about the 2003 incident. She explained that, after being dropped off by the school bus, Appellant went inside a house with some older kids. Appellant told his family that he did not take anything from the house, and that the older ones did. This is sufficient supporting evidence from which the trial court could infer that Appellant had criminal responsibility for the 2003 unadjudicated burglary committed while Appellant was a juvenile. *See id*.

Citing Texas Rule of Evidence 403, Appellant contends that the reference to his juvenile record was more prejudicial than probative. However, Appellant failed to make this objection at trial and it is therefore waived. *See Williams v. State*, 290 S.W.3d 407, 411 (Tex. App.−Amarillo 2009, no pet.) (mem. op.). We overrule Appellant's sole issue in his evading arrest case.

2

## ATTORNEY'S FEES

In his sole issue in the aggravated assault on a public servant case, Appellant contends the evidence is legally insufficient to support the trial court's assessment of attorney's fees. He argues that the trial court found him indigent and that status has not changed.

The record shows that the trial court found Appellant indigent and appointed counsel. However, the judgment in the aggravated assault case indicates that Appellant was ordered to pay $1,350.00 in attorney's fees.

Unless a material change in a criminal defendant's financial resources is established by competent legal evidence, once that defendant has been found to be indigent, he is presumed to remain indigent for the remainder of the proceedings. TEX. CODE CRIM. PROC. ANN. art. 26.04(p) (West Supp. 2015). Without record evidence demonstrating a defendant's financial resources to offset the costs of legal services, a trial court errs if it orders reimbursement of court appointed attorney's fees. *Williams v. State*, 332 S.W.3d 694, 699 (Tex. App.−Amarillo 2011, pet. denied). Here, there is no evidence of a change in Appellant's financial situation. Therefore, the trial court erred in ordering Appellant to pay the attorney's fees. We sustain Appellant's sole issue in his aggravated assault case.

## DISPOSITION

We *affirm* the judgment in the evading arrest case, trial court cause number C-20,914.

Where the evidence is insufficient to support a court's order of reimbursement of attorney's fees, the proper remedy is to reform the judgment by deleting the court appointed attorney's fees. *See Cates v. State*, 402 S.W.3d 250, 252 (Tex. Crim. App. 2013). Accordingly, we *modify* the trial court's judgment in the aggravated assault against a public servant case, trial court cause number C-21,018, to delete the charge for $1,350.00 in attorney's fees.

As *modified*, we *affirm* the trial court's judgment in trial court cause number C-21,018.

JAMES T. WORTHEN
Chief Justice

Opinion delivered May 11, 2016.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

3



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

MAY 11, 2016

NO. 12-15-00011-CR

KELTON DEREK WILSON,
Appellant
V.
THE STATE OF TEXAS,
Appellee

Appeal from the 173rd District Court

of Henderson County, Texas (Tr.Ct.No. C-21,018)

THIS CAUSE came to be heard on the appellate record and the briefs filed herein; and the same being inspected, it is the opinion of the Court that the trial court's judgment below should be **modified and, as modified, affirmed**.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be modified** to **delete** the order to pay $1,350.00 in attorney's fees; and **as modified**, the trial court's judgment is **affirmed**; and that the decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

MAY 11, 2016

NO. 12-15-00010-CR

**KELTON DEREK WILSON,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 173rd District Court

of Henderson County, Texas (Tr.Ct.No. C-20,914)

THIS CAUSE came to be heard on the appellate record and the briefs filed herein; and the same being inspected, it is the opinion of the Court that there was no error in the trial court's judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*