

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-23-00429-CR

---

KEITH BRUEDIGAM, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

---

On Appeal from the 140th District Court
Lubbock County, Texas
Trial Court No. DC-2023-CR-0705, Honorable Douglas H. Freitag, Presiding

---

May 28, 2024

## MEMORANDUM OPINION

Before PARKER and DOSS and YARBROUGH, JJ.

Receiving a court order requiring no payment but complaining about the process leading to that decision is like begrudging the sun for shining after weathering a storm.

Following a plea of not guilty, Appellant, Keith Bruedigam, was convicted by a jury of possession of a controlled substance in an amount of one or more grams but less than four, enhanced by a prior felony conviction.[1]  Punishment was assessed by the jury at ten

---

[1] TEX. HEALTH & SAFETY CODE ANN. § 481.115(c).  TEX. PENAL CODE ANN. § 12.42(a).

years' confinement. By a single issue, Appellant challenges the trial court's failure to conduct an "on the record" ability-to-pay inquiry before imposing court costs and requests a remand pursuant to article 42.15 of the Texas Code of Criminal Procedure. He asserts his complaint was not forfeited by failing to object. We affirm as modified.

## BACKGROUND

Appellant does not contest his conviction. Thus, only facts necessary to disposition of his complaint will be addressed.

The trial court's judgment reflects imposition of $290 in court costs and $55 in reimbursement fees totaling $345. A special finding in the judgment recites as follows:

> [a]n additional fee will be added if the Court Costs are not paid within 31 days of this judgment. The fee will be $25 if the offense date is before January 1, 2020, and $15 if the offense date is January 2, 2020 and after.

The additional $15 is authorized as a time payment reimbursement fee by article 102.030 of the Texas Code of Criminal Procedure. TEX. CODE CRIM. PROC. ANN. art. 102.030(a)(2).

Appellant contends the trial court failed to conduct an on-the-record inquiry on his ability to pay the assessed costs as required by article 42.15(a-1) and argues there is no evidence the trial court made a finding he had the resources to pay the court costs. He also challenges imposition of the time payment fee and requests a remand to address his complaints.[2]

---

[2] Appellant contends no objection was required to preserve his complaint for appeal and we agree. *See Cruz v. State*, __ S.W.3d __, No. 14-21-00454-CR, 2023 Tex. App. LEXIS 2987 at *9 (Tex. App.— Houston [14th Dist.] May 4, 2023, pet. granted Dec. 20, 2023) (holding complaint on ability-to-pay inquiry is a category two right under *Marin v. State*, 851 S.W.2d 275 (Tex. Crim. App .1993), which does not require an objection to preserve error).

## APPLICABLE LAW

Article 42.15(a-1) regarding fines and costs, amended in 2021,[3] provides as follows:

> Notwithstanding any other provision of this article, during or immediately after imposing a sentence in a case in which the defendant entered a plea in open court . . . a court shall inquire *on the record* whether the defendant has sufficient resources or income to immediately pay all or part of the fine and costs. If the court determines that the defendant does not have sufficient resources or income to immediately pay all or part of the fine and costs, the court shall determine whether the fine and costs should be: (1) subject to Subsection (c), required to be paid at some later date or in a specified portion at designated intervals; (2) discharged by performing community service . . . (3) waived in full or in part under Article 43.091 or 45.0491; or (4) satisfied through any combination of methods under Subdivisions (1) – (3).

TEX. CODE CRIM. PROC. ANN. art. 42.15(a-1) (Emphasis added). Section 42.15(a-2) provides that a defendant may waive the on-the-record inquiry.

## ANALYSIS

Although the judgment reflects an assessment of $345 in costs, the record contains an *Order for Convicted Indigent Defendant to Offset Cost of Legal Services Provided by this County as Court Costs* which provides as follows:

> [t]he defendant, while indigent, has the ability to pay $0.00 of the total cost of the legal services provided in this cause. Therefore, *the Court ORDERS the defendant to pay $0.00 as court costs*.

(Emphasis added).

---

[3] *See* Act of May 8, 2021, 87th Leg., R.S., ch. 106, § 1, 2021 TEX. GEN. LAWS 202 (adding "on the record" language).

This Court acknowledges that court costs are mandatory and properly collectable regardless of a defendant's indigence. *Williams v. State*, 332 S.W.3d 694, 700 (Tex. App.—Amarillo 2011, pet. denied). But article 43.091 of the Code of Criminal Procedure vests the trial court with discretion to waive payment of "all or part of the costs imposed on a defendant if the court determines that the defendant is indigent or does not have sufficient resources or income to pay all or part of the costs . . . ." TEX. CODE CRIM. PROC. ANN. art. 43.091(c)(1). In the underlying case, the plain language of the trial court's order to offset costs results in a waiver of payment of those costs. Thus, the complained-of $15 time payment fee is not triggered on a balance of $0.00 and must be deleted.[4]

Moreover, this Court has held that where no on-the-record inquiry on ability to pay occurs, the trial court's determination that a defendant is not required to immediately pay costs but may do so *at some later date*, satisfies the directive in article 42.15(a-1) (1). *See Sparks v. State*, No. 07-23-00215-CR, 2024 Tex. App. LEXIS 2574, at *6–7 (Tex. App.—Amarillo April 12, 2024, no pet. h.) (mem. op., not designated for publication); *Mayo v. State*, __ S.W.3d __, No. 07-23-00243-CR, 2024 Tex. App. LEXIS 2396, at *3 (Tex. App.—Amarillo April 4, 2024, no pet. h.) (op. on reh'g) (noting the record contained an "Article 42.15 Addendum" in which the trial court found the defendant did not presently have financial resources to pay *but will in the future* upon release on parole or completion of the sentence); *Stanberry v. State*, No. 07-23-00194-CR, 2024 Tex. App. LEXIS 1066,

---

[4] The Texas Court of Criminal Appeals has held that an appeal "stops the clock for purposes of the time payment fee." *Dulin v. State*, 620 S.W.3d 129, 133 (Tex. Crim. App. 2021). Relying on *Gates v. State*, No. 02-23-00004-CR, 2024 Tex. App. LEXIS 1014, at *6 (Tex. App.—Fort Worth Feb. 8, 2024, no pet.) (mem. op., not designated for publication), the State contends Appellant's complaint regarding the $15 time payment fee is premature as it has not been assessed. However, precedent from this Court has deleted the time payment fee. *See Pruitt v. State*, 646 S.W.3d 879, 885–86 (Tex. App.—Amarillo 2022, no pet.); *Shaw v. State*, No. 07-23-00305-CR, 2024 Tex. App. LEXIS 2309, at *3 (Tex. App.—Amarillo April 2, 2024, no pet. h.) (mem. op., not designated for publication).

at *6 (Tex. App.—Amarillo Feb. 9, 2024, no pet. h.) (mem. op., not designated for publication) (noting the record contained a document entitled "Indigency Findings and Orders" in which the trial court found the defendant did not presently have sufficient resources to pay *but will in the future* upon release on parole or completion of the sentence) (emphasis added). *Cf. Gates v. State*, No. 02-23-00004-CR, 2024 Tex. App. LEXIS 1014, at *6 (Tex. App.—Fort Worth Feb. 8, 2024, no pet.) (mem. op., not designated for publication) (finding court's order that defendant was unable to pay court costs, fees and/or fines "on this date" but ordering costs to be paid in a specified portion at designated intervals from inmate trust account until his release was an implicit determination *not* to waive fine under article 43.091). Contrasting *Gates* with this case, the trial court explicitly ordered Appellant to pay $0.00 in costs. Additionally, as Appellant argues, unlike in *Stanberry* and *Mayo*, the trial court did not make a finding he would be able to pay "at some later date." We conclude the trial court's order constitutes a waiver of payment of those costs. Appellant's issue regarding the failure to hold an on-the-record inquiry is overruled.

## REFORMATION OF JUDGMENT

This Court has the power to modify the judgment of the court below to make the record speak the truth when we have the necessary information to do so. TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993). Appellate courts have the power to reform whatever the trial court could have corrected by a judgment *nunc pro tunc* where the evidence necessary to correct the judgment appears in the record. *Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet. ref'd). The power to reform a judgment is "not dependent upon the request of any party, nor

5

does it turn on the question of whether a party has or has not objected in the trial court." *Id.* at 529–30.

We modify the summary portion of the trial court's *Judgment of Conviction by Jury* to delete $290 under the heading "Court Costs" and delete $55 under the heading "Reimbursement Fees." We also modify the judgment to delete the $15 time payment fee under the "special findings or orders." Finally, we redact from the judgment under **Punishment Options, Confinement in State Jail or Institutional Division** the following language:

> Upon release from confinement, the Court ORDERS Defendant to proceed without unnecessary delay to the District Clerk's office, or any other office designated by the Court or the Court's designee, to pay or to make arrangements to pay any fine, court costs, and restitution due.

The trial court is ordered to prepare and file an *Amended Judgment* reflecting the reformations, and the trial court clerk is ordered to provide a copy of that judgment to this Court, Appellant, and to the Texas Department of Criminal Justice.

### ORDER TO WITHDRAW FUNDS

After original briefs were filed, Appellant became aware of an *Order to Withdraw Funds* instructing the Texas Department of Criminal Justice to withdraw funds from his inmate trust account in the amount of $345 pursuant to section 501.014 of the Texas Government Code. The order was filed in a supplemental clerk's record. In response to that order, Appellant filed a reply brief committed to his contention that the trial court failed to conduct an on-the-record inquiry pursuant to article 42.15(a-1).

6

Despite the trial court entering an order on October 25, 2023, for Appellant to pay "$0.00" in costs, that same date, it entered the *Order to Withdraw Funds*. Because this Court holds the trial court waived any costs assessed against Appellant, we find he is entitled to a refund of any deductions from his inmate trust account related to the costs assessed in the *Bill of Costs*. The trial court is directed to enter an order vacating the *Order to Withdraw Funds* and provide a copy to this Court, Appellant, and the Texas Department of Criminal Justice.

Additionally, the district clerk is ordered to remove from the official *Bill of Costs* the $345 and to issue an *Amended Bill of Costs* reflecting "$0.00" costs as the amount due. A copy of the *Amended Bill of Costs* is to be provided to this Court, Appellant, and the Texas Department of Criminal Justice.

## CONCLUSION

As modified, the trial court's judgment is affirmed.

Alex Yarbrough
Justice

Do not publish.