NO. 07-12-0245-CV
 NO. 07-12-0246-CV
 
 IN THE COURT OF APPEALS
 
 FOR THE SEVENTH DISTRICT OF TEXAS
 
 AT AMARILLO
 
 PANEL A
 
 JANUARY 31, 2013
 
 ______________________________
 
 
 RICKY MEALS, APPELLANT
 
 V.
 
 THE STATE OF TEXAS, APPELLEE
 
 _________________________________
 
 FROM THE 64[TH] DISTRICT COURT OF HALE COUNTY;
 
NOS. A18159-0910, A18160-0910; HONORABLE ROBERT W. KINKAID, JR., JUDGE
 
 _______________________________

Before CAMPBELL and HANCOCK and PIRTLE, JJ.
 MEMORANDUM OPINION
 In these civil appeals, Appellant, Ricky Meals, an inmate proceeding pro se and in forma pauperis, challenges the trial court's order of May 25, 2012, denying his motion to vacate an order to withdraw funds entered pursuant to section 501.014(e) of the Texas Government Code. According to the limited documents filed in these appeals, on January 14, 2010, pursuant to pleas of guilty, Appellant was convicted of evading arrest/detention with a vehicle in cause number A18159-0910 and of possession of a controlled substance in cause number A18160-0910. The summary portion of the judgment in cause number A18159-0910 reflects a fine of $500, court costs of $320 and court-appointed attorney's fees of $3,925. The summary portion of the judgment in cause number A18160-0910 reflects a fine of $500 and court costs of $335. 
 The trial court subsequently signed orders to withdraw funds from Appellant's inmate account in the total sum of $5,580. On May 25, 2012, Appellant filed a motion to offset reimbursement of attorney's fees in each case, which the trial court denied. Appellant then filed a motion to vacate the order to withdraw funds which the trial court also denied. Appellant now appeals the denial of that motion under both cause numbers. Presenting two issues, Appellant questions whether the trial court (1) abused its discretion in denying his motion to offset reimbursement of court-appointed attorney's fees and (2) erred in failing to file findings in support of the order which he contends denied him his due process rights. The State did not favor us with a brief. We modify and affirm the trial court's withdrawal orders.
By his first issue, Appellant relies on Mayer v. State, 309 S.W.3d 552 (Tex.Crim.App. 2010), and Perez v. State, 323 S.W.3d 298, 307 (Tex.App.--Amarillo 2010, pet. ref'd), in support of his argument that there is no evidence to support repayment of court-appointed attorney's fees. We agree.
 Standard of Review
We review a trial court's decision whether to grant or deny a challenge to a withdrawal order under an abuse of discretion standard. Williams v. State, 332 S.W.3d 694, 698 (Tex.App.--Amarillo 2011, pet. denied). A trial court abuses its discretion when it acts "without reference to any guiding rules and principles." Quixtar Inc. v. Signature Mgmt. Team, LLC, 315 S.W.3d 28, 31 (Tex. 2010) (quoting Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241-42 (Tex. 1985)); Howell v. State, 175 S.W.3d 786, 792 (Tex.Crim.App. 2005); Montgomery v. State, 810 S.W.2d 372, 380 (Tex.Crim.App. 1990). Furthermore, a trial court abuses its discretion if "it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law." Johnson v. Fourth Court of Appeals, 700 S.W.2d 916, 917 (Tex. 1985).
 Once a criminal defendant has been found to be indigent, he is presumed to remain indigent for the remainder of the proceedings unless a material change in a defendant's financial resources occurs. See Tex. Code Crim. Proc. Ann. art. 26.04(p) (West Supp. 2012). Furthermore, it is well established that in order to assess attorney's fees, a trial court must determine that the defendant has the financial resources that enable him to offset in part or in whole the costs of legal services provided. See Tex. Code Crim. Proc. Ann. art. 26.05(g) (West Supp. 2012). See also Mayer v. State, 309 S.W.3d at 555-56. Additionally, the record must reflect some factual basis to support the trial court's determination. See Barrera v. State, 291 S.W.3d 515, 518 (Tex.App.--Amarillo 2009, no pet.); Perez v. State, 280 S.W.3d 886, 887 (Tex.App.--Amarillo 2009, no pet.). 
Here, the limited documents filed reflect the trial court appointed counsel to represent Appellant. Thus, at the time of his plea, he was indigent and unable to pay attorney's fees. Notwithstanding the fact that attorney's fees were awarded following a plea bargain, it was still necessary to prove his actual ability to pay at the time of the judgment or order at issue. Because there is no evidence in the limited record before us of a change in Appellant's financial resources that would enable him to offset in part or in whole the costs of legal services provided, we conclude the trial court's order to withdraw funds for repayment of attorney's fees is improper. Because no objection is required to challenge the sufficiency of the evidence regarding a defendant's ability to pay, Mayer, 309 S.W.3d at 555-56, and since there is no evidence to support the order for Appellant to pay attorney's fees in trial court cause number A18159-0910, the proper remedy is to delete $3,925 from that withdrawal order. 
Appellant also complains of assessment of the fine of $500 and court costs of $320 in cause number A18159-0910, and the fine of $500 and court costs of $335 in cause number A181160-0910. A fine is punitive and intended to be part of a convicted defendant's sentence. See Armstrong v. State, 340 S.W.3d 759, 767 (Tex.Crim.App. 2011). Thus, it is properly collectible by means of a withdrawal order regardless of a defendant's ability to pay. See Williams, 332 S.W.3d at 700. Legislatively mandated fees are also collectible regardless of ability to pay. Id. Accordingly, we conclude Appellant is responsible for payment of his fines and court costs and that they properly collectible by means of a withdrawal order. Issue one is sustained insofar as it relates to court-appointed attorney's fees and overruled on the issue of the fines and court costs. Our disposition of Appellant's first issue pretermits consideration of the merits of his second issue.
 Conclusion
 The trial court's withdrawal order in cause number A18159-0910 is modified to provide for deletion of $3,925, which represents the amount of court-appointed attorney's fees assessed against Appellant, and is otherwise affirmed as modified. The trial court's withdrawal order in cause number A18160-0910 is affirmed. The trial court clerk is ordered to prepare and file a corrected Order to Withdraw Funds in cause number A18159-0910. We further order that a copy of the corrected withdrawal order be delivered to the Texas Department of Criminal Justice.

Patrick A. Pirtle
 Justice