# NO. 12-14-00033-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *PABLO DIEGO ZUAZU,* *APPELLANT* | § | *APPEAL FROM THE 173RD* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *HENDERSON COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Pablo Diego Zuazu appeals his conviction for robbery.  The trial court sentenced him to eight years of imprisonment.  On appeal, Appellant contends the evidence is insufficient to support an assessment of attorney's fees against him.  We modify the trial court's judgment and, as modified, affirm.

### BACKGROUND

In 2009, Appellant pleaded guilty to the offense of robbery.  The trial court sentenced him to eight years of imprisonment but placed him on community supervision for five years.  Less than a year later, the State moved to revoke his community supervision.  However, in the summer of 2010, Appellant travelled to Europe to visit family.  He returned to the United States in March 2013.  The State filed an amended motion to revoke.  The trial court granted the motion, revoked Appellant's community supervision, and sentenced him to eight years of imprisonment.  Additionally, the court ordered him to pay a $227.00 fine, $134.00 in court costs, and $350.00 in attorney's fees.

## ATTORNEY'S FEES

In his sole issue, Appellant contends the evidence is insufficient to support the trial court's order to pay attorney's fees. He argues that there was a determination that he was indigent and the trial court appointed counsel to represent him. Because there is no evidence of his ability to pay attorney's fees, he contends, the trial court erred in ordering him to do so.

Unless a material change in a criminal defendant's financial resources is established by competent legal evidence, once that defendant has been found to be indigent, he is presumed to remain indigent for the remainder of the proceedings. TEX. CODE CRIM. PROC. ANN. art. 26.04(p) (West Supp. 2013). A trial court's authority to order a defendant to repay the cost of court appointed counsel and other court costs depends on the court's determining that the defendant has financial resources that enable him to offset in part or in whole the costs of the legal services provided. TEX. CODE CRIM. PROC. ANN. art. 26.05(g) (West Supp. 2013). Without record evidence demonstrating a defendant's financial resources to offset the costs of legal services, a trial court errs if it orders reimbursement of court appointed attorney's fees. *Williams v. State*, 332 S.W.3d 694, 699 (Tex. App.–Amarillo 2011, pet. denied).

The record shows that Appellant was found to be indigent in 2009 when this case first went to trial. He had appointed counsel at that time. The indigent defense coordinator for Henderson County determined him to be indigent on August 7, 2013, resulting in the appointment of trial counsel, and on December 17, 2013, resulting in the appointment of appellate counsel. Finally, the trial court rendered an order on February 10, 2014, proclaiming Appellant indigent so that he could get a free record on appeal.

The State asserts that the evidence is sufficient to overcome a presumption that Appellant is indigent. We disagree. Appellant, who was trying to convince the trial judge to give him community supervision, stated on the witness stand that he has "connections" in Tyler and he was sure that any one of three companies "would put [him] straight back to work." He testified that he was willing to pay whatever it takes to be given another chance to prove that he can successfully complete community supervision. He stated that his outstanding balance would be paid almost immediately, if he is on community supervision. This is not evidence that he had financial resources at the time of trial or that there was any change in his status as indigent. The statute requires a present determination of financial resources, not speculation about future resources. *See* *Dominguez v. State*, 363 S.W.3d 926, 934-35 (Tex. App.–Austin 2012, no pet.).

The State further argues that the presumption of indigence is overcome by Appellant's mother's testimony that she would help pay Appellant's fees. But a determination of whether a defendant is indigent is based on the defendant's personal financial condition, not that of his parents, other relatives, friends, or employers. **Rosales v. State**, 748 S.W.2d 451, 455 (Tex. Crim. App. 1987). We conclude, after viewing all the evidence in the light most favorable to the verdict, that the evidence is insufficient to support the trial court's order for reimbursement of court appointed attorney's fees. *See* **Mayer v. State**, 309 S.W.3d 552, 557 (Tex. Crim. App. 2010). We sustain Appellant's sole issue.

## DISPOSITION

Where the evidence is insufficient to support a court's order of reimbursement of attorney's fees, the proper remedy is to reform the judgment by deleting the court appointed attorney's fees. **Cates v. State**, 402 S.W.3d 250, 252 (Tex. Crim. App. 2013). Accordingly, we modify the trial court's judgment to delete the charge for $350.00 in attorney's fees.

As **modified**, we **affirm** the trial court's judgment.

**BRIAN HOYLE**
Justice

Opinion delivered August 6, 2014.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)

3



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**AUGUST 6, 2014**

**NO. 12-14-00033-CR**

**PABLO DIEGO ZUAZU,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 173rd District Court

of Henderson County, Texas (Tr.Ct.No. B-17,436)

THIS CAUSE came on to be heard on the appellate record and the briefs filed herein; and the same being inspected, it is the opinion of the Court that the trial court's judgment below should be **modified and, as modified, affirmed**.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be modified** to **delete** the order to pay $350.00 in attorney's fees; **and as modified**, the trial court's judgment is **affirmed**; and that the decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*