ACCEPTED
12-14-00197-CR
TWELFTH COURT OF APPEALS
TYLER, TEXAS
1/27/2015 11:22:04 AM
CATHY LUSK
CLERK

ORAL ARGUMENT REQUESTED

NO. 12-14-00197-CR

FILED IN
12th COURT OF APPEALS
TYLER, TEXAS
1/27/2015 11:22:04 AM
CATHY S. LUSK
Clerk

IN THE COURT OF APPEALS
12TH JUDICIAL DISTRICT
TYLER, TEXAS

DAVONTAE ROBINSON,
APPELLANT

VS.

THE STATE OF TEXAS,
APPELLEE

ON APPEAL IN CAUSE NUMBER 007-0329-11
FROM THE 7th JUDICIAL DISTRICT COURT
OF SMITH COUNTY, TEXAS
HONORABLE KERRY RUSSELL, JUDGE PRESIDING

APPELLANT'S BRIEF

JAMES W. HUGGLER, JR.
100 E. FERGUSON, SUITE 805
TYLER, TEXAS 75702
903-593-2400
STATE BAR NUMBER 00795437

ATTORNEY FOR APPELLANT

## IDENTITY OF PARTIES AND COUNSEL

APPELLANT:
   Davontae Robinson

APPELLANT'S TRIAL COUNSEL
   Kurt Noell (At trial)
   231 South College Avenue
   Tyler, Texas 75702
   903-597-9069

   John Jarvis (At revocation)
   326 S. Fannin
   Tyler, Texas 75702
   903-592-6576

APPELLANT'S APPELLATE COUNSEL
   James Huggler
   100 E. Ferguson, Suite 805
   Tyler, Texas 75702
   903-593-2400
   903-593-3830 (fax)

APPELLEE
   The State of Texas

APPELLEE'S TRIAL COUNSEL
   Richard Vance
   Chris Gatewood
   Bryan Jiral
   Smith County Criminal District Attorney's Office
   100 N. Broadway, 4th Floor
   Tyler, Texas 75702
   903-590-1720
   903-590-1719 (fax)

APPELLEE'S APPELLATE COUNSEL
Michael West
Smith County Criminal District Attorney's Office
100 N. Broadway, 4th Floor
Tyler, Texas 75702
903-590-1720
903-590-1719 (fax)

# TABLE OF CONTENTS

PAGE

IDENTITY OF PARTIES AND COUNSEL. . . . . . . . . . . . . . . . . . . . . . ii

TABLE OF CONTENTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iv

TABLE OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . vi

STATEMENT OF THE CASE. . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ISSUES PRESENTED. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

ISSUE ONE: The trial court erred in imposing attorney fees following a finding that Mr. Robinson was indigent and was appointed counsel.

ISSUE TWO: The District Clerk erred in including attorney fees following a finding that Mr. Robinson was indigent and appointed counsel.

STATEMENT OF FACTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

SUMMARY OF ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

ISSUE ONE, RESTATED. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

ISSUE TWO, RESTATED. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

A. Law on Attorney Fees. . . . . . . . . . . . . . . . . . . . . . . . . . . 6
B. Standard of Review. . . . . . . . . . . . . . . . . . . . . . . . . . . . 8
C. Application to These Facts. . . . . . . . . . . . . . . . . . . . . . . . 9
D. Remedy and Relief Requested. . . . . . . . . . . . . . . . . . . . . . 11

PRAYER. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

CERTIFICATE OF SERVICE.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

CERTIFICATE OF COMPLIANCE. . . . . . . . . . . . . . . . . . . . . . . . . . 13

# TABLE OF AUTHORITIES

## STATUTES

TEX. CODE CRIM. PROC. ANN. art. 26.04(p) (West 2010). . . . . . . . . . . . 6, 7

TEX. CODE CRIM. PROC. ANN. art. 26.05(g) (West 2010). . . . . . . . . . . . . 6

TEX. CODE CRIM. PROC. ANN. art. 103.001 (West 2010). . . . . . . . . . . . . 7

TEX. GOV'T CODE ANN. §§ 102.001-.142 (West 2010). . . . . . . . . . . . . . 7

TEX. GOV'T CODE ANN. § 102.021 (West 2010). . . . . . . . . . . . . . . . . . . 7

TEX. GOV'T CODE ANN. § 103.006 (West 2010). . . . . . . . . . . . . . . . . . . . 8

TEX. HEALTH & SAFETY CODE ANN. §481.115(a) and (c) (West 2010).  2, 3


## CASES

Armstrong v. State, 340 S.W.3d 759 (Tex. Crim. App. 2011).  . . . . . . 7, 8

Howell v. State, 175 S.W.3d 786, 792 (Tex. Crim. App. 2005).. . . . . . . . 9

Jackson v. Virginia, 443 U.S. 307, 99 S. Ct. 2781,

    61 L. Ed. 2d 560 (1979).  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Johnson v. State, 423 S.W.3d 385, 390 (Tex. Crim. App. 2014).  . . . . . . 8

Johnson v. State, 405 S.W.3d 350, 354 (Tex. App. – Tyler

    2013, no pet). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 9

Mayer v. State, 309 S.W.3d 552, 557 (Tex. Crim. App. 2010). . . . . . . 7, 9

Montgomery v. State, 810 S.W.2d 372, 380 (Tex. Crim. App. 1991). . . . 9

Owen v. State, 352 S.W.3d 542, 5148 (Tex. App. – Amarillo

    2011, no pet). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 8

Weir v. State, 278 S.W.3d 364, 367 (Tex. Crim. App. 2009). . . . . . . . . . 7

Williams v. State, 332 S.W.3d 694, 699 (Tex. App. – Amarillo

    2011, pet. denied). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 9

## RULES

Tex. R. App. Proc. 9.4. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Tex. R. App. Proc. 38. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

NO. 12-14-00197-CR

| | | |
|---|---|---|
| DAVONTAE ROBINSON | § | IN THE COURT OF APPEALS |
| APPELLANT | § | |
| | § | |
| VS. | § | 12TH JUDICIAL DISTRICT |
| | § | |
| THE STATE OF TEXAS, | § | |
| APPELLEE | § | TYLER, TEXAS |

## APPELLANT'S BRIEF

TO THE HONORABLE COURT OF APPEALS AND THE JUSTICES THEREOF:

Davontae Robinson, ("Appellant"), by and through his attorney of record, James Huggler, and pursuant to the provisions of TEX. R. APP. PROC. 38, et seq., respectfully submits this brief on appeal.

## STATEMENT OF THE CASE

Appellant was indicted in Cause Number 007-1329-11 for the third degree felony offense of possession of a controlled substance. I CR 1[1]; see

---

[1] References to the Clerk's Record are designated "CR" with a roman numeral preceding "CR" indicating the correct volume and an arabic numeral following "CR" specifying the correct

TEX. HEALTH & SAFETY CODE CODE ANN. §481.115(West 2010).   Mr. Robinson was placed on four years deferred adjudication supervision pursuant to a plea agreement.  I CR 32; IV RR 9.[2]  The State filed a motion to adjudicate, Mr. Robinson entered true pleas all the allegations.  I CR 65; V RR 12.  Following evidence and argument of counsel, the court found Mr. Robinson guilty of the offense and sentenced him to three years confinement.  I CR 70-71; V RR 35.

Notice of appeal was timely filed in on July 14, 2014.  I CR 79.  This Brief is timely filed on or before January 28, 2015 following proper extension granted by this Court.

---

page in the record.

[2] References to the Reporter's Record are designated "RR" with a roman numeral preceding "RR" indicating the correct volume, and an arabic numeral following "RR" specifying the correct page.

## ISSUES PRESENTED

ISSUE ONE:  The Trial Court erred in imposing attorney fees following a finding that Mr. Robinson was indigent and was appointed counsel.

ISSUE TWO:  The District Clerk erred in including attorney fees in the boll of costs following a finding that Mr. Robinson was indigent and was appointed counsel.

## STATEMENT OF THE FACTS

DaVontae Robinson was indicted and charged with possessing a controlled substance, cocaine in an amount more than one gram, but less than four grams, a third degree felony.  I CR 1.  TEX. HEALTH & SAFETY CODE ANN. §481.115 (a) and (c)(West 2010).  Mr. Robinson entered a plea of guilty to the charge, pursuant to an agreement and was placed on four years deferred adjudication with a variety of conditions.  I CR 32-36, 43-45; III RR 29; IV RR 9.

The State filed an application to proceed to final adjudication alleging that (1) Mr. Robinson was placed on deferred adjudication; (2) that he failed to report for March 2014; (3) that he failed to pay for urinalysis testing on November 19, 2013; (4) that he failed to perform community service restitution for a variety of months; (5) that he failed to

pay supervision fees for three different months while on supervision; (6) that he failed to pay court costs, including appointed counsel fees from October 2011 through February 2012, August through October 2012, December 2012 through March 2014; (7) that he failed to pay DPS reimbursement pursuant to the plea agreement; (8) that he failed to pay the $50 to the Tyler/Smith County Crimestoppers program; (9) that he failed to complete the Drug Offender Education Program; and (10) that he failed to attend and complete the Lifeskills program. I CR 53-58.

Mr Robinson entered a plea of true to each of the paragraphs alleged. I CR 65; V RR 12. Following evidence, the trial court granted the State's motion to proceed to final adjudication. The court found Mr. Robinson guilty of the offense and assessed a three year sentence in the Texas Department of Criminal Justice. No fine was ordered, but court costs were ordered to be paid. I CR 70-71; V RR 35. Further discussion of relevant facts is included below. Timely notice of appeal was filed. I CR 79. This appeal follows.

## SUMMARY OF ARGUMENT

The error for this Court to consider involves the improper assessment of court costs. The trial court improperly ordered reimbursement of attorney fees after Mr. Robinson was found to be indigent and was appointed counsel. The attorney fees were included in the judgment placing him on probation. While the final judgment from the trial court does not include the fee, the bill of costs prepared by the clerk's office does contain the improper assessment of fees and will be the record used by the Smith County collections department following his release from custody.

ARGUMENT

Issue One Restated: The trial court erred in imposing attorney fees following a finding that Mr. Robinson was indigent and was appointed counsel.

Issue Two, Restated: The District Clerk erred in including attorney fees following a finding that Mr. Robinson was indigent and was appointed counsel.

A. Law on Attorney's Fees

A trial court has the authority to assess attorney's fees against a criminal defendant who received court-appointed counsel. TEX. CODE CRIM. PROC. ANN. art. 26.05(g)(West 2010). Once a defendant has been determined to be indigent, he is presumed to remain indigent for the remainder of the proceedings unless a material change in his financial circumstances occurs. TEX. CODE CRIM. PROC. ANN. art. 26.04(p) (West 2010). Before attorney's fees may be imposed, the trial court must make a determination supported by some factual basis in the record that the defendant has financial resources to enable him to offset in whole or in part the costs of the legal services provided. Johnson v. State, 405 S.W.3d 350, 354 (Tex. App. – Tyler 2013, no pet). If the record does not show any material change in the defendant's financial circumstances, the evidence

6

will be insufficient to support the imposition of attorney's fees. TEX. CODE CRIM. PROC. ANN. art. 26.04(p); Mayer v. State, 309 S.W.3d 552, 553, 557 (Tex. Crim. App. 2013).

Court costs are pre-determined, legislatively-mandated obligations resulting from a conviction. See, e.g., TEX. GOV'T CODE ANN. §§ 102.001-.142 (West 2010) (setting forth various court costs that a convicted person "shall" pay). A sentencing court shall impose the statutory court costs at the time a defendant is sentenced. Armstrong v. State, 340 S.W.3d 759 (Tex. Crim. App. 2011); TEX. GOV'T CODE ANN. §102.021 (West 2010). Court costs are not punitive in nature and do not have to be included in an oral pronouncement of a sentence. Weir v. State, 278 S.W.3d 364, 367 (Tex. Crim. App. 2009).

A cost is not payable by the person charged with the cost until a written bill is produced or is ready to be produced, containing the items of cost, signed by the officer who charged the cost or the officer who is entitled to receive payment of the cost. TEX. CODE CRIM. PROC. ANN. art. 103.001 (West 2010). The clerk of the trial court is required to keep a fee record, and a statement of an item therein is prima facie evidence of the correctness of the statement. Owen v. State, 352 S.W.3d 542, 548 (Tex.

App.—Amarillo 2011, no pet.) (citing TEX.CODE CRIM. PROC. ANN. art. 103.009(a), (c)).  Until a certified bill of costs has been made part of the record, a defendant has no obligation to pay court costs.  Owen, 352 S.W.3d at 547 (citing Armstrong, 340 S.W.3d at 765; Williams v. State, 332 S.W.3d 694, 699 (Tex. App. – Amarillo 2011, pet. denied).

If a criminal action is appealed, "an officer of the court shall certify and sign a bill of costs stating the costs that have accrued and send the bill of costs to the court to which the action or proceeding is transferred or appealed." TEX. CODE CRIM. PROC. ANN. art. 103.006 (West 2010).

## B. Standard of Review

The imposition of court costs upon a criminal defendant is a "nonpunitive recoupment of the costs of judicial resources expended in connection with the trial of the case." Johnson v. State, 423 S.W.3d 385, 390 (Tex. Crim. App. 2014). When the imposition of court costs is challenged on appeal, the court reviews the assessment of costs to determine if there is a basis for the cost, not to determine if there is sufficient evidence offered at trial to prove each cost.  Id.

The standard for reviewing a legal sufficiency challenge is whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. See <u>Jackson v. Virginia</u>, 443 U.S. at 315-16, 99 S. Ct. at 2786-787; see also <u>Mayer v. State</u>, 309 S.W.3d 552, 557 (Tex. Crim. App. 2010)(sufficiency review of evidence to support order of repayment of attorney fees as costs).

A challenge to a withdrawal of funds notification is reviewed for an abuse of discretion. <u>Williams</u>, 332 S.W.3d at 698. A trial court abuses its discretion when it acts "without reference to any guiding rules and principles. <u>Howell v. State</u>, 175 S.W.3d 786, 792 (Tex. Crim. App. 2005); <u>Montgomery v. State</u>, 810 S.W.2d 372, 380 (Tex. Crim. App. 1991). The reviewing court may modify a withdrawal order on direct appeal if the evidence is insufficient to support the assessment of court costs. <u>Johnson v. State</u>, 405 S.W.3d at 355.

## C. Application to These Facts

Mr. Robinson has been represented at all times following the initial appearance by appointed counsel. The record contains three different

orders appointing counsel. I CR 13, 61 and 74. The record contains one pauper's oath which was granted by the trial court and was not contested during any of the proceedings in this case. I CR 11-12. Following this pauper's oath application, Mr. Robinson was appointed counsel. I CR 13. Another attorney was appointed for the revocation proceedings. I CR 61. A third attorney was appointed for the appeal of this case. I CR 74. A motion was filed with the trial court seeking a free reporter's record on appeal. I CR 83-85. This motion was granted by the trial court without opposition from the State of Texas. I CR 86.

The application to proceed to final adjudication included an allegation that Mr. Robinson failed to pay court cost (sic), including any appointed counsel fees. I CR 56, ¶ 6. The trial court also commented on the failure to pay court costs. V RR 34, lines 16-18. The trial court ordered Mr. Robinson to pay any unpaid taxable court costs. V RR 35.

The September 15, 2011 order placing Mr. Robinson on deferred adjudication supervision included $673.00 in court costs. I CR 46-47. The bill of costs prepared by the District Clerk's Office on July 10, 2014 matches this amount. I CR 73. The final judgment signed July 9, 2014 reflects a balance of $73.00 for court costs, even though the bill of costs

reflects a balance of $373.00. I CR 73 and 70-71.

The majority of the items listed on the bill of costs appear to be properly assessed costs. I CR 73. The properly assessed costs equal $373.00 in court costs. However, a $300 fee was assessed for receiving appointed counsel. I CR 73.

There is no evidence to contest the finding that Mr. Robinson was found indigent. Assessment of attorney's fees following a finding of indigence is improper. While the final judgment does not include the attorney's fee, the bill of costs does, and court costs, including attorney fees were improperly collected by the probation department impacting, among other things the restitution owed. Why the bill of costs contains the fee after the judgment was prepared and signed is not known.

### D. Remedy and Relief Requested

The fee seeking reimbursement for the appointed attorney was improperly assessed by the court and the clerk's office. The judgment and the bill of costs should be modified to reflect the amount of proper taxable court costs due.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Counsel respectfully prays that this Court modify the judgment of the trial court and order the Clerk to prepare and file an amended bill of costs without the improperly assessed attorney fee.

Respectfully submitted,

/s/ James Huggler
James W. Huggler, Jr.
State Bar Number 00795437
100 E. Ferguson, Suite 805
Tyler, Texas 75702
903-593-2400
903-593-3830 fax
ATTORNEY FOR APPELLANT

12

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing Brief of the Appellant has been forwarded to counsel for the State by electronic filing on this the 27th day of January, 2015.


 /s/ James Huggler
James W. Huggler, Jr.



Attorney for the State:
Mr. Michael West
Smith County Criminal District Attorney's Office
100 N. Broadway, 4th Floor
Tyler, Texas 75702



## CERTIFICATE OF COMPLIANCE

I certify that this Brief complies with Tex. R. App. P. 9.4, specifically using 14 point Century font and contains 2,618 words as counted by Corel WordPerfect version x5.


 /s/ James Huggler
James Huggler