ACCEPTED
12-14-00143-CR
TWELFTH COURT OF APPEALS
TYLER, TEXAS
2/18/2015 8:15:38 PM
CATHY LUSK
CLERK

ORAL ARGUMENT NOT REQUESTED

NO. 12-14-00143-CR

FILED IN
12th COURT OF APPEALS
TYLER, TEXAS
2/18/2015 8:15:38 PM
CATHY S. LUSK
Clerk

IN THE COURT OF APPEALS
12TH JUDICIAL DISTRICT
TYLER, TEXAS

---

JOSHUA ARDRY,
APPELLANT

VS.

THE STATE OF TEXAS,
APPELLEE

---

ON APPEAL IN CAUSE NUMBER 114-0955-11
FROM THE 114th JUDICIAL DISTRICT COURT
OF SMITH COUNTY, TEXAS
HONORABLE CHRISTI KENNEDY, JUDGE PRESIDING

APPELLANT'S BRIEF

JAMES W. HUGGLER, JR.
100 E. FERGUSON, SUITE 805
TYLER, TEXAS 75702
903-593-2400
STATE BAR NUMBER 00795437

ATTORNEY FOR APPELLANT

## IDENTITY OF PARTIES AND COUNSEL

APPELLANT:
   Joshua Ardry

APPELLANT'S TRIAL COUNSEL
   Melvin Thompson
   8108 S. Wall
   Tyler, Texas 75701
   903-596-7856

APPELLANT'S APPELLATE COUNSEL
   James Huggler
   100 E. Ferguson, Suite 805
   Tyler, Texas 75702
   903-593-2400
   903-593-3830 (fax)

APPELLEE
   The State of Texas

APPELLEE'S TRIAL COUNSEL
   J. Patrick Murphy
   Jacob Putman
   Lucas Machicek
   Chris Gatewood
   Whitney Tharpe
   Smith County Criminal District Attorney's Office
   100 N. Broadway, 4th Floor
   Tyler, Texas 75702
   903-590-1720
   903-590-1719 (fax)

APPELLEE'S APPELLATE COUNSEL
   Michael West
   Smith County Criminal District Attorney's Office
   100 N. Broadway, 4th Floor

ii

Tyler, Texas 75702
903-590-1720
903-590-1719 (fax)

## TABLE OF CONTENTS

PAGE

IDENTITY OF PARTIES AND COUNSEL. . . . . . . . . . . . . . . . . . . . . . . . ii

TABLE OF CONTENTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iv

TABLE OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . v

STATEMENT OF THE CASE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ISSUE PRESENTED. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

    ISSUE ONE: The trial court erred in imposing attorney fees
    following a finding that Mr. Ardry was indigent and was
    appointed counsel.

STATEMENT OF FACTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

SUMMARY OF ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

ISSUE ONE, RESTATED. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

    A. Law on Attorney Fees. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
    B. Standard of Review. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
    C. Application to These Facts. . . . . . . . . . . . . . . . . . . . . . . . . 9
    D. Remedy and Relief Requested. . . . . . . . . . . . . . . . . . . . . . 11

PRAYER. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

CERTIFICATE OF SERVICE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

CERTIFICATE OF COMPLIANCE. . . . . . . . . . . . . . . . . . . . . . . . . 13

## TABLE OF AUTHORITIES

STATUTES

Tex. Code Crim. Proc. Ann. art. 26.04(p) (West 2010)............. 5

Tex. Code Crim. Proc. Ann. art. 26.05(g) (West 2010)............. 5

Tex. Code Crim. Proc. Ann. art. 103.001 (West 2010)............. 6

Tex. Gov't Code Ann. §§ 102.001-.142 (West 2010). .............. 6

Tex. Gov't Code Ann. § 102.021 (West 2010). ................... 6

Tex. Gov't Code Ann. § 103.006 (West 2010). ................... 7

Tex. Penal Code Ann. §22.04(a)(1) and (e) (West 2010)........... 1, 3


CASES

Armstrong v. State, 340 S.W.3d 759 (Tex. Crim. App. 2011). ...... 6, 7

Howell v. State, 175 S.W.3d 786, 792 (Tex. Crim. App. 2005)......... 8

Jackson v. Virginia, 443 U.S. 307, 99 S. Ct. 2781,
61 L. Ed. 2d 560 (1979). ................................. 8

Johnson v. State, 423 S.W.3d 385, 390 (Tex. Crim. App. 2014). .... 7, 8

Johnson v. State, 405 S.W.3d 350, 354 (Tex. App. – Tyler
2013, no pet)................................................ 5, 8

Mayer v. State, 309 S.W.3d 552, 557 (Tex. Crim. App. 2010)....... 5, 8

Montgomery v. State, 810 S.W.2d 372, 380 (Tex. Crim. App. 1991).... 8

Owen v. State, 352 S.W.3d 542, 5148 (Tex. App. – Amarillo
2011, no pet)............................................... 6, 7

Riles v. State, No. PD-1757-13, 2015 Tex. App. LEXIS 135
(Tex. Crim. App. Feb. 4, 2015)............................... 10

Weir v. State, 278 S.W.3d 364, 367 (Tex. Crim. App. 2009). ......... 6

Williams v. State, 332 S.W.3d 694, 699 (Tex. App. – Amarillo
2011, pet. denied)........................................... 7, 8

## RULES

Tex. R. App. Proc. 9.4. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Tex. R. App. Proc. 38. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

NO. 12-14-00143-CR

| | | |
|---|---|---|
| JOSHUA ARDRY | § | IN THE COURT OF APPEALS |
| APPELLANT | § | |
| | § | |
| VS. | § | 12TH JUDICIAL DISTRICT |
| | § | |
| THE STATE OF TEXAS, | § | |
| APPELLEE | § | TYLER, TEXAS |

APPELLANT'S BRIEF

TO THE HONORABLE COURT OF APPEALS AND THE JUSTICES
THEREOF:

Comes now Joshua Ardry, ("Appellant"), by and through his attorney

of record, James Huggler, and pursuant to the provisions of TEX. R. APP.

PROC. 38, et seq., respectfully submits this brief on appeal.

STATEMENT OF THE CASE

Appellant was indicted in Cause Number 114-0955-11 for the first

degree felony offense of injury to a child.  I CR 1[1]; see TEX. PENAL CODE

---

[1]  References to the Clerk's Record are designated "CR" with a roman numeral preceding
"CR" indicating the correct volume and an arabic numeral following "CR" specifying the correct

ANN. §22.04(a)(1) and (e) (West 2010). Mr. Ardry entered a plea of guilty pursuant to an agreement and received deferred adjudication probation. I CR 16-17; II RR 18, 22.[2]

The State filed a motion to proceed to final adjudication, Mr. Ardry entered true pleas to six allegations. I CR 48-52, 59; V RR 10-14. Following evidence and argument of counsel, the court sentenced Mr. Ardry to forty years confinement. I CR 54-55; V RR 47. Notice of appeal was timely filed on May 30, 2014. I CR 63. This Brief is timely filed on or before February 19, 2015 following proper extension granted by this Court.

---

page in the record.

[2] References to the Reporter's Record are designated "RR" with a roman numeral preceding "RR" indicating the correct volume, and an arabic numeral following "RR" specifying the correct page.

## ISSUE PRESENTED


ISSUE ONE:  THE TRIAL COURT ERRED IN IMPOSING ATTORNEY FEES FOLLOWING A FINDING THAT MR. ARDRY WAS INDIGENT AND WAS APPOINTED COUNSEL.



## STATEMENT OF THE FACTS

Appellant was indicted in Cause Number 114-0955-11 for the first degree felony offense of injury to a child.  I CR 1; see TEX. PENAL CODE ANN. §22.04(a)(1) and (e) (West 2010).  Mr. Ardry entered a plea of guilty pursuant to an agreement and received ten years deferred adjudication probation.  I CR 16-17; II RR 18, 22.  The State filed two applications to proceed to final adjudication in the case.   I CR 45-46; IV RR 26-27.

The second application to revoke included allegations that Mr. Ardry: (1) was the same person placed on deferred adjudication; (2) that he moved his residence without notification; (3) that he possessed methamphetamine; (4)that he consumed methamphetamine; (5) that he failed to pay for three urine tests; (6) that he had contact with law enforcement and did not report the contact to probation; (7) that he failed to pay the supervision fee for three months; and (8) that he failed to report

3

five times.  I CR 48-52.  Mr. Ardry entered true pleas to all the allegations, except the failure to pay for urine tests and reporting contact with law enforcement.  I CR 59, 83; V RR 10-14.  Following evidence and argument of counsel, the court sentenced Mr. Ardry to forty years confinement.  I CR 54-55; V RR 47.  Further discussion of relevant facts is included below.

## SUMMARY OF ARGUMENT

The error for this Court to consider involves the improper assessment of court costs.  The trial court improperly ordered reimbursement of attorney fees after Mr. Ardry was found to be indigent and was appointed counsel.  The attorney fees were included in the judgment placing him on probation, and were collected.  Because there was never any allegation that Mr. Ardry failed to pay any required fees or costs, Smith County collected $300 from Mr. Ardry to which legally it was not entitled.

4

ARGUMENT

ISSUE TWO, RESTATED: THE TRIAL COURT ERRED IN IMPOSING ATTORNEY FEES FOLLOWING A FINDING THAT MR. ARDRY WAS INDIGENT AND WAS APPOINTED COUNSEL.

A. Law on Attorney's Fees

A trial court has the authority to assess attorney's fees against a criminal defendant who received court-appointed counsel.  TEX. CODE CRIM. PROC. ANN. art. 26.05(g)(West 2010). Once a defendant has been determined to be indigent, he is presumed to remain indigent for the remainder of the proceedings unless a material change in his financial circumstances occurs. TEX. CODE CRIM. PROC. ANN. art. 26.04(p) (West 2010).  Before attorney's fees may be imposed, the trial court must make a determination supported by some factual basis in the record that the defendant has financial resources to enable him to offset in whole or in part the costs of the legal services provided.  Johnson v. State, 405 S.W.3d 350, 354 (Tex. App. – Tyler 2013, no pet). If the record does not show any material change in the defendant's financial circumstances, the evidence will be insufficient to support the imposition of attorney's fees.  TEX. CODE CRIM. PROC. ANN. art. 26.04(p); Mayer v. State, 309 S.W.3d 552, 553, 557

5

(Tex. Crim. App. 2010).

Court costs are pre-determined, legislatively-mandated obligations resulting from a conviction. See, e.g., TEX. GOV'T CODE ANN. §§ 102.001-.142 (West 2010) (setting forth various court costs that a convicted person "shall" pay). A sentencing court shall impose the statutory court costs at the time a defendant is sentenced. Armstrong v. State, 340 S.W.3d 759 (Tex. Crim. App. 2011); TEX. GOV'T CODE ANN. §102.021 (West 2010). Court costs are not punitive in nature and do not have to be included in an oral pronouncement of a sentence. Weir v. State, 278 S.W.3d 364, 367 (Tex. Crim. App. 2009).

A cost is not payable by the person charged with the cost until a written bill is produced or is ready to be produced, containing the items of cost, signed by the officer who charged the cost or the officer who is entitled to receive payment of the cost. TEX. CODE CRIM. PROC. ANN. art. 103.001 (West 2010). The clerk of the trial court is required to keep a fee record, and a statement of an item therein is prima facie evidence of the correctness of the statement. Owen v. State, 352 S.W.3d 542, 548 (Tex. App.—Amarillo 2011, no pet.) (citing TEX.CODE CRIM. PROC. ANN. art. 103.009(a), (c)). Until a certified bill of costs has been made part of the

6

record, a defendant has no obligation to pay court costs. <u>Owen</u>, 352 S.W.3d at 547 (citing <u>Armstrong</u>, 340 S.W.3d at 765; <u>Williams v. State</u>, 332 S.W.3d 694, 699 (Tex. App. – Amarillo 2011, pet. denied). In this case, the only bill of costs ever prepared to support any amount of court costs was prepared on June 27, 2014, almost three years after the attorney fee was assessed. I CR 75, 16.

If a criminal action is appealed, "an officer of the court shall certify and sign a bill of costs stating the costs that have accrued and send the bill of costs to the court to which the action or proceeding is transferred or appealed." TEX. CODE CRIM. PROC. ANN. art. 103.006 (West 2010).

### B. Standard of Review

The imposition of court costs upon a criminal defendant is a "nonpunitive recoupment of the costs of judicial resources expended in connection with the trial of the case." <u>Johnson v. State</u>, 423 S.W.3d 385, 390 (Tex. Crim. App. 2014). When the imposition of court costs is challenged on appeal, the court reviews the assessment of costs to determine if there is a basis for the cost, not to determine if there is

sufficient evidence offered at trial to prove each cost. Johnson, 423 S.W.3d at 390.

The standard for reviewing a legal sufficiency challenge is whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. See Jackson v. Virginia, 443 U.S. at 315-16, 99 S. Ct. at 2786-787; see also Mayer v. State, 309 S.W.3d 552, 557 (Tex. Crim. App. 2010)(sufficiency review of evidence to support order of repayment of attorney fees as costs).

A challenge to a withdrawal of funds notification is reviewed for an abuse of discretion. Williams, 332 S.W.3d at 698. A trial court abuses its discretion when it acts "without reference to any guiding rules and principles. Howell v. State, 175 S.W.3d 786, 792 (Tex. Crim. App. 2005); Montgomery v. State, 810 S.W.2d 372, 380 (Tex. Crim. App. 1991). The reviewing court may modify a withdrawal order on direct appeal if the evidence is insufficient to support the assessment of court costs. Johnson v. State, 405 S.W.3d at 355.

## C. Application to These Facts

Mr. Ardry has been represented at all by appointed counsel. The record contains four different orders appointing counsel. I CR 62, II CR 17, 47, and 62. Each pauper's oath application contains a finding that Mr. Ardry was indigent. II CR 18-19, 48-49, and 63-64. Finally, appellate counsel was appointed for this appeal. I CR 62. A motion was filed with the trial court seeking a free reporter's record on appeal. I CR 70-72. This motion was granted by the trial court without opposition from the State of Texas. I CR 73.

The September 13, 2011 judgment and order placing Mr. Ardry on probation included an assessment of $669.00 in court costs. I CR 16-17. This amount exactly exceeds the bill of costs prepared in 2014 by $300.00. I CR 75. The final judgment signed May 30, 2014 reflects a zero balance for court costs, as doers the bill of costs. I CR 54 and 75.

Each item listed on the bill of costs appear to be properly assessed costs. I CR 75. The properly assessed costs equal $369.00 in court costs. However, Smith County collected $669. As this Court is aware from dozens of other cases, some district courts have routinely assessed a $300

fee for costs of an attorney appointed after a finding that a defendant is indigent.

There is no evidence to contest the finding that Mr. Ardry was found indigent. Assessment of attorney's fees following a finding of indigence is improper. While the final judgment does not include the attorney's fee, judgment placing him on community supervision does, and there was no allegation that Mr. Ardry ever failed to make required financial payments. Why the bill of costs does not contain the fee which was assessed three years previously is not known, but it is certainly reasonable to conclude that this particular trial court has learned from the number of cases modified on this issue not to assess the $300 fee for attorney costs.

Counsel is aware that the Court of Criminal Appeals issued an opinion on February 4, 2015 and it is expected that the State may agree that the attorney fee charge was assessed improperly, but that the time to appeal that decision was in 2011. Riles v. State, No. PD-1757-13, 2015 Tex. App. LEXIS 135 (Tex. Crim. App. Feb 4, 2015). However, the key difference between Mr. Ardry's situation and Riles is that the bill of costs was not prepared until three years after he was placed under supervision

and had been paid prior to 2013.[3]


## D. Remedy and Relief Requested

The fee seeking reimbursement for the appointed attorney was improperly assessed by the court. The original judgment should be modified to reflect the true amount of court costs as assessed in the bill of costs and the $300 should be ordered to be returned to Mr. Ardry.

---

[3] There were no financial allegation related to court costs included in the first application to proceed to final adjudication filed April 29, 2013. I CR 40-42.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Counsel respectfully prays that this Court modify the judgment of the trial court and order Smith County to reimburse Mr. Ardry the improperly assessed $300.

Respectfully submitted,

/s/ James Huggler
James W. Huggler, Jr.
State Bar Number 00795437
100 E. Ferguson, Suite 805
Tyler, Texas 75702
903-593-2400
903-593-3830 fax
ATTORNEY FOR APPELLANT

12

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing Brief of the Appellant has been forwarded to counsel for the State by electronic filing on this the 18th day of February, 2015.


 /s/ James Huggler

James W. Huggler, Jr.



Attorney for the State:

Mr. Michael West

Smith County Criminal District Attorney's Office

100 N. Broadway, 4th Floor

Tyler, Texas 75702


## CERTIFICATE OF COMPLIANCE

I certify that this Brief complies with Tex. R. App. P. 9.4, specifically using 14 point Century font and contains 2,550 words as counted by Corel WordPerfect version x5.


 /s/ James Huggler

James Huggler