

# NUMBER 13-14-00277-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

ELEAZAR VASQUEZ,                                                    Appellant,

v.

THE STATE OF TEXAS,                                                    Appellee.

### On appeal from the 404th District Court
### of Cameron County, Texas.

## MEMORANDUM OPINION

### Before Justices Rodriguez, Garza, and Longoria
### Memorandum Opinion by Justice Rodriguez

In this civil appeal, appellant Eleazar Vasquez, appearing pro se, challenges the trial court's denial of his motion for rescission of an order to withdraw money from his inmate trust account and his request to correct the withdrawal notification.  *See* TEX. GOV'T CODE ANN. § 501.014(e) (West, Westlaw through Ch. 46, 2015 R.S.); *Harrell v.*

*State*, 286 S.W.3d 315, 316 (Tex. 2009) (concluding "that proceedings under Government Code section 501.014(e) to recover court fees and costs assessed against inmates are civil in nature and not part of the underlying criminal case").   By three issues, Vasquez contends that the trial court abused its discretion when it denied his motion because (1) he was assessed a $775.00 fine "that was not set forth in the [j]udgment" and was not "pronounced against [him] at the time sentence was imposed by the trial court"; (2) he was assessed "$527.25 as [c]ourt [c]osts that had been waived by the trial court"; and (3) the trial court "fail[ed] to conduct a hearing [on his motion]."   We affirm in part and reverse and remand in part.

## I.  PROCEDURAL BACKGROUND[1]

In 2003, Vasquez was indicted for indecency with a child with the intent to arouse or gratify.   *See* TEX. PENAL CODE ANN. § 21.11 (West, Westlaw through Ch. 46, 2015 R.S.).   In 2008, Vasquez's case was transferred from the 107th District Court of Cameron County to the 404th District Court of Cameron County, where Vasquez entered a guilty plea.   The trial court deferred Vasquez's adjudication and placed him on community supervision.   Approximately eighteen months later, the State filed a motion to set aside Vasquez's deferred adjudication and to adjudicate his guilt.

On March 25, 2010, the trial court held a hearing on the State's motion.   After Vasquez pleaded "true" to the alleged violations, the trial court found that Vasquez violated the conditions of his community supervision, adjudicated him guilty of indecency

---

[1] Because this is a memorandum opinion and the parties are familiar with the facts, we will not recite them here except as necessary to advise the parties of the Court's decision and the basic reasons for it.   *See* TEX. R. APP. P. 47.4.

with a child, and imposed a sentence of five years in the Texas Department of Criminal Justice-Institutional Division. The trial court did not orally pronounce a fine. And the written judgment, signed on March 30, 2010, showed that the trial court assessed no fine. The judgment did order Vasquez to pay "all court costs in this prosecution expended for which execution will issue." However, the March 25, 2010 bill of costs, attached as Exhibit B to the judgment, reflected that Vasquez owed a $750.00 fine and that his court costs of $527.25 were waived.[2]

On September 13, 2010, the convicting court issued an order finding that because Vasquez was "unable to pay the court costs, fees and/or fines . . . the funds should be withdrawn from [Vasquez's] Inmate Trust Account."[3] The order set out that "[c]ourt costs, fees and/or fines and/or restitution have been incurred in the amount of $775.00" and should be withdrawn for that amount.

On March 5, 2014, Vasquez filed a motion to rescind the trial court's September 13, 2010 withdrawal order. In his motion, Vasquez claimed that court costs had been waived by the trial court and that no fine had been assessed.[4] He sought a remittance

---

[2] Because the cause was tried in the 404th District Court, our review is of the bill of costs from that court and not the bill of costs from the 107th District Court that also appears in the clerk's record.

[3] Inmate trust accounts are authorized by government code section 501.014(a), which provides:

The department shall take possession of all money that an inmate has on the inmate's person or that is received with the inmate when the inmate arrives at a facility to be admitted to the custody of the department and all money the inmate receives at the department during confinement and shall credit the money to an account created for the inmate. . . .

TEX. GOV'T CODE ANN. § 501.014(a) (West, Westlaw through Ch. 46, 2015 R.S.).

[4] In his motion and now on appeal, Vasquez references a March 2, 2011 withdrawal notification for the collection and withdrawal from his inmate account of $1,277.25, reflecting court costs of $527.25 and a fine of $750.00. He also notes that the bill of costs reflecting a new amount was "not sighed [sic]". Those documents are not in the record. So we do not consider them in our review.

for withdrawals allegedly taken in error.   On April 10, 2014, the trial court denied his motion without a hearing.   Vasquez appeals this order.[5]

## II.   APPLICABLE LAW AND STANDARD OF REVIEW

A withdrawal notification, such as the one in this case—issued pursuant to section 501.014(e) of the government code—triggers the withdrawal of funds from an inmate account, serves as notice of the collection proceeding, and continues to operate unless and until the inmate takes action causing the notification to be withdrawn.   *See Williams v. State*, 332 S.W.3d 694, 696 n.2 (Tex. App.—Amarillo 2011, pet. denied); *see also* TEX. GOV'T CODE ANN. § 501.014(e).   The disposition of an inmate's motion challenging the withdrawal of funds from his inmate account creates an appealable order.   *See Ramirez v. State*, 318 S.W.3d 906, 908 (Tex. App.—Waco 2010, no pet.).

We review a trial court's decision whether to grant or deny a challenge to a withdrawal notification or order under an abuse of discretion standard.   *Williams*, 332 S.W.3d at 698.   A trial court abuses its discretion when it acts "without reference to any guiding rules and principles."   *Quixtar Inc. v. Signature Mgmt. Team, LLC*, 315 S.W.3d 28, 31 (Tex. 2010) (per curiam) (quoting *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985)).

## III.   ANALYSIS

By his first issue, Vasquez claims that the court abused its discretion when it ordered the withdrawal of funds for a fine that was not assessed against him.   We agree

---

[5] The State did not file a brief to assist us in our disposition of this appeal.

4

that the written judgment assessed no fine. And the written judgment correctly reflected the trial court's oral pronouncement on punishment. *See Thompson v. State*, 108 S.W.3d 287, 290 (Tex. Crim. App. 2003) ("When there is a conflict between the oral pronouncement of sentence in open court and the sentence set out in the written judgment, the oral pronouncement controls."). Yet the bill of costs reflects that a fine of $750 was assessed.

There must be a basis for the assessment of a fine that is reflected in the bill of costs. *See Johnson v. State*, 423 S.W.3d 385, 390 (Tex. Crim. App. 2014). In this case, there is none. Therefore, because the assessment of any fine against Vasquez has no basis in the record, we conclude that the trial court abused its discretion, acting without reference to any guiding rules or principles, in denying Vasquez's motion in this regard. *See Quixtar Inc.*, 315 S.W.3d at 31 (citing *Downer*, 701 S.W.2d at 241–42). We sustain this first issue.

In his second issue, Vasquez claims that the trial court abused its discretion when it denied the relief he requested in his motion regarding court costs because his court costs had been waived by the trial court. This claim is without merit because the trial court did not waive Vasquez's court costs. Instead, the trial court, in its judgment, ordered Vasquez to pay "all court costs in this prosecution expended for which execution will issue."

Yet, while the bill of costs identified assessed basic court costs, peace officer fees, and other fees totaling $527.25, it entered "WAIVED" for the total court costs. From our review of the record, we find no basis for that waiver. *See Johnson*, 423 S.W.3d at 390.

5

Therefore, we conclude the trial court did not abuse its discretion in denying Vasquez's motion with respect to court costs of $527.25. But we further conclude that the trial court abused its discretion in denying Vasquez's motion to the extent the trial court ordered withdrawal of funds for any amount greater than $527.25 for court costs. We sustain Vasquez's second issue in part and overrule it in part.[6]

## IV. CONCLUSION

We affirm in part the trial court's order denying Vasquez's motion as to the withdrawal of funds for court costs in the amount of $527.25 and reverse in part the order as to the withdrawal of funds for court costs in excess of $527.25 and for fees of $750 and remand to the trial court (1) for modification of the bill of costs to reflect TOTAL COURT COSTS of $527.25, the deletion of the FINE of $750, and a grand TOTAL of $527.25; (2) for modification of the trial court's September 13, 2010 order to withdraw funds to reflect that only court costs of $527.25 have been incurred as assessed in the 404th District Court of Cameron County, Texas; and (3) for a determination of what funds, if any, should be returned to or withdrawn from Vasquez's inmate account in accordance with this opinion. The judgment of conviction and sentencing entered in this cause need not be modified.

NELDA V. RODRIGUEZ
Justice

Delivered and filed the
23rd day of July, 2015.

---

[6] Because of our disposition of the first two issues, we need not address Vasquez's third issue where he claims that "the trial court erred and abused it's [sic] discretion when it failed to conduct a hearing" on his motion because "the pleading appraised [sic] the trial court of errors in the collection of the [funds]." *See* TEX. R. APP. P. 47.1.